415 A.2d 905

**COMMONWEALTH of Pennsylvania**

v.

**Gary D. HANLIN, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed Dec. 5, 1979.

John R. Wingerter, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for appellee.

Before SPAETH, VAN der VOORT and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Erie County, Criminal Division, by the defendant-appellant, Gary D. Hanlin, denying his application for pre-trial relief.

Defendant was arrested on December 11, 1977, and charged with operating a motor vehicle while under the influence, (*75 P.S. 3731*),[1] a misdemeanor, failure to produce his driver's license (*75 P.S. 1301*),[2] a summary offense. All of these charges relate to a single incident which took place when the police found defendant mired in the snow with his vehicle and attempted to extricate him from his predicament. On January 20, 1978, a hearing was held on all of the

1. *75 Pa.C.S.A. 3731.*

2. *75 Pa.C.S.A. 1301.*

charges before a District Magistrate. Insofar as the misdemeanor (drunken driving) is concerned this "hearing" was a preliminary hearing and insofar as the summary charges are concerned the "hearing" constituted a trial. At the hearing, the Commonwealth was not represented by counsel. Defendant's attorney appeared with defendant and participated fully in the proceedings. The Commonwealth presented its case, after which the District Magistrate discharged defendant on the summary charges and bound him over for court on the misdemeanor. Defendant then filed his application for pre-trial relief in which he claimed defendant's rights under *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974) and *Section 110 of the Crimes Code* were violated. Defendant requested a discharge of the misdemeanor charge filed against him due to the alleged violations of the aforesaid rights. On April 11, 1978, the court below denied defendant's application. Defendant then took this appeal requesting that we dismiss the remaining charge against him.

The sole issue is whether *Campana,* supra, and/or *Section 110 of Pennsylvania Crimes Code* mandates a dismissal of the remaining charge filed against the defendant (operating under the influence, *75 P.S. 3731*).[3]

Defendant's claim is that the Supreme Court's decisions in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973) *(Campana I)* and *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974) *(Campana II)* mandate that all charges resulting from the same criminal episode be brought in one criminal proceeding and that since the District Magistrate, in effect, bifurcated the charges in the instant case by discharging the summaries filed against defendant and binding the misdemeanor over to the court of common pleas that the mandates of *Campana I* and *Campana II* were violated. The mandates of *the Campana* cases are anything but clear. In *Campana I*, the Court appeared to hold that the defendant's federal and state double jeopardy protection had been violated when he was tried separately on different charges

3.  *75 Pa.C.S.A. 3731.*

which arose from the same criminal episode. After the Commonwealth's appeal to the United States Supreme Court in *Pennsylvania v. Campana*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1131 (1974) resulted in a remand order in which the U.S. Supreme Court remanded the case, the Pennsylvania Supreme Court rendered its decision in *Campana II* which appeared to hold that the court's decision was based upon its supervisory powers and on *Section 110 of Pennsylvania Crimes Code*. *Campana II* was a Per Curiam Addendum Opinion in which one Justice concurred and from which another Justice dissented. In *Campana II*, the Court stated that its *Campana I* holding was based upon its supervisory powers pursuant to *Article V, § 10 of the Pennsylvania Constitution*. However, the court went on to state that "*Campana*" is entirely in harmony with *Section 110 of the Pennsylvania Crimes Code*, which became effective shortly after our decision and is now in effect. See *18 P.S. § 110 (1973),*[4] *effective June 6, 1973.* It is therefore apparent that we are compelled to look to that section for further clarification of "*Campana*" issues. The statute reads as follows:

§ 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was

4.  *18 Pa.C.S.A. 110.*

within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof or a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

The instant case does involve a situation where all of the charges arose from one episode. However, in order to sustain each offense the Commonwealth had to prove a fact *it was* not required to prove in the other offenses. In order to prove a violation of *75 P.S. 6308(a)*[5] it was necessary to prove that the defendant refused to exhibit his driver's license or registration card to the police. This the Commonwealth failed to prove because defendant did agree to exhibit these items to the police at the police station although he had refused to do so at the scene of the incident. In order to prove a violation of *75 Pa.C.S.A. 3731* it was necessary to

5.  *75 Pa.C.S.A. 6308(a).*

prove, at the magistrate hearing, only that a *prima facie* case existed against defendant for operating a motor vehicle upon the highways under the influence of intoxicants. (The magistrate held that a prima facie case on this charge had been established by the Commonwealth.) Therefore, it is clear that the summary charges involved elements which differed from the misdemeanor charge. It is also apparent that the purpose and intent of the statutes differed and that each statute seeks to prevent a substantially different harm or evil. The purpose and intent of *75 Pa.C.S.A. 1301* and *75 Pa.C.S.A. 6308(a)* is to establish the identity of the operators of motor vehicles upon our highways and also to regulate the type and condition of such vehicles in order to insure that only qualified operators of motor vehicles operate them on our roads. See *Commonwealth v. Murray*, 460 Pa. 53, 331 A.2d 414 (1975); *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973). The purpose of *75 Pa.C.S.A. 3731* is to penalize drivers who operate vehicles upon our highways in an intoxicated condition. While the general purpose of these statutes is similar, i. e. to promote the safety of our highways and therefore the well-being of all of our citizens since transportation is so important to all our people, the harm or evil against which each statute seeks to protect the public is substantially different. The purpose of *75 Pa.C.S.A. 1301* and *75 Pa.C.S.A. 6308(a)* is to facilitate the process of insuring that only qualified drivers operate vehicles upon our highways. However, an operator, although qualified to operate a motor vehicle, may present a hazard to the safety of others if he operates a vehicle while in an intoxicated condition. The various statutes involved here seek to prevent both types of harm or evil. However, *75 Pa.C.S.A. 1301* and *75 Pa.C.S.A. 6308(a)* seek to prevent one type of harm (the operation of vehicle on our highway by unqualified drivers) while *75 Pa.C.S.A. 3731* seeks to prevent the other type of harm (the operation of vehicles on our highways by intoxicated drivers). Therefore, both requirements of the exception set forth in *18 Pa.C.S.A. 110(1)(iii)(A)* have been

met as the misdemeanor required proof of a separate element not required under the other statutes and the evil or harm sought to be prevented is substantially different.

In addition to the above, we note that the defendant has not been harmed or prejudiced in any way by the proceedings. In fact he has benefitted by the fact that the two summary charges against him have been discharged and he will not have to face these charges again at the Common Pleas level. Since *driving while intoxicated* is a criminal offense, the preliminary hearing was a necessary step in its prosecution. The preliminary hearing is a right of the defendant's under our system of criminal justice and defendant's attendance at said hearing in no way prejudiced him insofar as the misdemeanor charge is concerned. In other words, defendant will not have to attend any additional hearing nor will there be any such additional charges brought against him. He has only benefitted by the magistrate's actions. Under these circumstances we fail to see how he can now complain of being denied any "rights". As a matter of fact we feel that the magistrate handled this matter effectively and expeditiously.

Original jurisdiction over the trial of summary cases is before a district magistrate. By rendering a decision on the summaries, instead of binding them over to the Court of Common Pleas along with the misdemeanor which is common practice at present, the district magistrate in the instant case relieved the Court of Common Pleas from the necessity of trying those matters at its level. Because we fail to see how the defendant was prejudiced by this action we hold that the magistrate acted properly and expeditiously by so doing.

■ Finally, the Commonwealth argues that because defendant was represented by counsel at the preliminary hearing and because his counsel did not object to the nature of the proceedings that he waived his right to complain now of

any *Campana* violations citing *Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975). In light of the above we need not discuss this issue. Suffice it to say that we could not penalize a defendant for exercising his right to counsel and the fact that the Commonwealth was not represented at the district magistrates' hearings has no bearing on the rights (both procedural and substantive) to be afforded to the defendant at such hearing.

The order of the court below denying pre-trial relief is affirmed.

SPAETH, J., concurs in the result.