428 A.2d 189

**COMMONWEALTH of Pennsylvania,**

v.

**McDuffy SPURGEON, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed April 3, 1981.

Petition for Allowance of Appeal Denied May 5, 1981.

Mabel Ditter-Sellers, Ambler, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Montgomery County, by the defendant-appellant, McDuffey Spurgeon, which dismissed the defendant's pretrial motion requesting the court to quash certain criminal informations brought against him.

On July 22, 1979 one Jeffrey Benton was struck and killed by a motor vehicle while he was walking along a roadway. On August 23, 1979 the defendant was arrested and charged with Homicide by Vehicle (75 *Pa.C.S.A. 3732*), which is a misdemeanor of the first degree, Reckless Driving (75 *Pa.C. S.A. 3714*), a summary offense, Failure to Stop Vehicle at the Scene of an Accident where death or personal injury occurs, (75 *Pa.C.S.A. 3742*), a misdemeanor of the third degree, and Unsworn Falsification to Authorities (18 *Pa.C. S.A. 4904*), a misdemeanor defined under the crimes code and graded pursuant thereto, in connection with Benton's death. A preliminary hearing was held on August 30, 1979 before a District Justice. After the hearing the District Justice dismissed the reckless driving charge on the grounds that the Commonwealth had not proved a "prima facie" case against the defendant. The other charges were held for court. The defendant then filed his Motion to Quash the

other charges claiming that: (1) he is subject to double jeopardy as a result of the other charges being held for court; (2) the principle of collateral estoppel should be applied to the Commonwealth relative to the charges bound over for court; and (3) Section 110 of the Pennsylvania Crimes Code (*18 Pa.C.S.A. 110*) bars prosecution on the charges held for court. On January 14, 1980 the court below issued an order refusing defendant's Motion to Quash and defendant appealed therefrom.

■ Once again we are confronted with a situation wherein several offenses arising from a series of incidents, some summaries and some criminal, are brought against a defendant. The difficulty with such cases is that summary cases are tried before the District Justice and his rulings with regard thereto are final unless an appeal is taken to the Common Pleas Court[1] while in the case of criminal charges (felonies and misdemeanors) the District Justice merely determines whether sufficient evidence exists to hold the defendant for court, in other words, whether the Commonwealth has proved a "prima facie" case against the defendant. In the instant case the District Justice held that the Commonwealth had failed to prove a "prima facie" case against the defendant on the reckless driving charge which is a summary offense. This ruling constitutes an acquittal of the defendant on that charge since the standards for proving a "prima facie" case are less than are the standards for obtaining a final conviction. Thus, where the Commonwealth failed to prove even a "prima facie" case against the defendant on that summary charge it surely failed to present enough evidence to convict the defendant and the District Justice's ruling, despite the nomenclature he gave to it, constitutes an acquittal of the defendant on the reckless driving charge and he cannot be tried subsequently for that offense. The issue before us is whether the District Justice's acquittal of the defendant on the reckless driving charge bars any further prosecution of the defendant on the other charges.

1. *42 Pa.C.S.A. 1515*

The offense of Homicide by Vehicle is defined in *75 Pa.C.S.A. 3732* as follows:

"Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death."

Thus, in order to prove this offense the Commonwealth must show that: (1) the defendant unintentionally caused the death of another person; (2) while engaged in the violation of any law of the Commonwealth or municipal ordinance which pertains to the operation or use of a vehicle as to the regulation of traffic; and (3) that the said violation was the cause of the person's death. Since the offense of reckless driving constitutes a violation of the law of the Commonwealth and pertains to the use of a motor vehicle element two of the above tests would be met if the defendant were convicted of reckless driving. The defendant argues, in effect, that since he was acquitted of this charge the Commonwealth is precluded from prosecuting the defendant on the Homicide by Vehicle charge because the reckless driving conviction is a necessary element of the Homicide by Vehicle charge. The difficulty with this argument is that the statute does not establish reckless driving as a necessary prerequisite (and therefore a necessary element) of the crime of Homicide by Vehicle. The statute states that element two of the above test is met if it is established that the defendant violated *any law* of the Commonwealth or municipal ordinance pertaining to the use of a vehicle or to the regulation of traffic. (Emphasis-ours) Thus, if the Commonwealth were to prove that the defendant violated a law pertaining to vehicles other than the reckless driving provision and that said violation caused the death of a person the defendant could still be convicted of the Homicide by Vehicle charge. In the instant case, the Commonwealth charged the defendant with two violations pertaining to the use of vehicles, reckless driving, and failure to drive at a safe

speed. While defendant was acquitted of the reckless driving charge he was bound over for court on the speeding charge. It would, therefore, be possible for the Commonwealth to prove defendant's guilt by proving, at trial, that he violated the speeding statute with which he was charged. Such a situation would not involve the re-litigation of the reckless driving charge which has been decided in defendant's favor and thus would not subject him to being placed in jeopardy twice for the same offense. This is so because the elements of the speeding statute are different from the elements of the reckless driving statute.

In *Commonwealth v. Barone*, 276 Pa.Super. 282, 419 A.2d 457 (1980), the lead opinion of this court held that the legislature, in adopting The Homicide By Vehicle statute, intended to establish culpable negligence as a necessary element of the crime of Homicide by Vehicle. The lead opinion reasoned that the use of the word "homicide" in the nomenclature of the offense necessitates a finding that the voluntary act of the defendant which caused the death be done "with some degree of fault, that is intentionally, knowingly, recklessly, or more recently negligently". This reasoning would seem to include "reckless driving" as a necessary element of the Homicide by Vehicle offense. The difficulty in applying *Barone* as the present law of the Commonwealth is that in that case two of our judges joined in a concurring opinion while three others joined in a dissenting opinion. In his dissenting opinion Judge Wieand in discussing the culpability requirement of *75 Pa.C.S.A. 3732,* stated that: "The only culpability required is a violation of a law 'applying to the operation or use of a vehicle or to the regulation of traffic.'" Thus, it would appear that the three dissenters in *Barone* agree that the Commonwealth need only prove such a violation e. g., speeding, (and need not prove reckless driving) in order to sustain a conviction of the Homicide by Vehicle offense. In writing his Concurring Opinion in *Barone*, Judge Spaeth stated that: "The dissent has concluded that section 3732 should be construed to create strict criminal liability, and I agree (although I regard the

issue as exceedingly close, and respect the President Judge's contrary conclusion)." Judge Spaeth, however, stated that he would hold the statute unconstitutional and was joined in his opinion by Judge Hoffman. Because *Barone* involved a Commonwealth appeal from an order of the lower court granting defendant's demurrer to the evidence presented at his trial and because President Judge Cercone's lead opinion affirmed the lower court's ruling, Judge Spaeth's opinion became a concurring opinion even though his reasoning in his opinion (at least as to the issue presented in the instant case) was diametrically opposed to that of President Judge Cercone's. Thus, at the present time it appears that a majority of our court stands for the following:

1. Section 3732 (Homicide by Vehicle) of the Motor Vehicle Code is constitutional;

2. Section 3732 does not require a showing of reckless or negligent culpability on the defendant's part in order to sustain a conviction and creates strict criminal liability without regard to any scienter element.

In *Commonwealth v. Burt,* 490 Pa. 173, 415 A.2d 89 (1980) and in *Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980) our Supreme Court rejected the argument that Section 3732 is unconstitutional. In *Field,* supra, the court held that: "In our view it was the legislative judgment in enacting section 3732 to expand the scope of criminal liability for violations of the Vehicle Code causing death." In these opinions the Supreme Court did not specifically determine the level of culpability embraced in Section 3732. However, in *Commonwealth v. Hartzell,* 282 Pa.Super. 549, 423 A.2d 381 (1980), Judge Brosky, writing for a three judge panel, held that the Commonwealth must only establish three facts to prove Homicide by Vehicle: (1) that the defendant violated any law of the Commonwealth or ordinance of a municipality pertaining to the regulation of traffic; (2) that a death occurred; and (3) that the violation was the cause of death. This case involved a situation wherein a defendant failed to stop at a stop sign and collided with another car causing the death of a passenger in the other car.

■ In view of the above we find that defendant's acquittal of the reckless driving charge in our case does not bar a subsequent prosecution for Homicide by Vehicle because he was also charged with speeding which could serve as the basis of his conviction on the Homicide by Vehicle charge since speeding is a violation of a law of the Commonwealth. Thus, the defendant's double jeopardy and collateral estoppel argument must fail.

■ Finally defendant contends that *Section 110* of the Pa.Crimes Code and the case of *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974) preclude the Commonwealth from trying the defendant on the offenses with which he is currently charged. A review of the charges (Homicide by Vehicle),[2] Driving Vehicle at Safe Speed,[3] Failure to Stop at Scene of Accident Where Death or Injury Occurs[4] and Unsworn Falsification to Authorities[5] reveals that each of these offenses requires proof of different facts not common to reckless driving and that each offense is designed to prevent a substantially different harm or evil. In *Commonwealth v. Hanley*, 272 Pa.Super. 313, 415 A.2d 905 (1979) we held that an acquittal of a summary offense at the District Justice level did not require a dismissal of misdemeanor charges brought against the same defendant at the same proceeding where the misdemeanor required proof of separate elements not required by the summary charge and the evil or harm sought to be prevented by the statutes was substantially different. Since that is the situation in the instant case we hold that neither *18 Pa.C.S.A. 110* nor *Campana* bar the instant prosecutions.

Order affirmed.

PRICE and MONTGOMERY, JJ., concur in the result.

**2.** *75 Pa.C.S.A. 3732*

**3.** *75 Pa.C.S.A. 3361*

**4.** *75 Pa.C.S.A. 3742*

**5.** *18 Pa.C.S.A. 4904*