439 A.2d 1183

**COMMONWEALTH of Pennsylvania**

v.

**Robert MAZUREK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 8, 1980.

Filed Jan. 5, 1982.

George A. Priestley, Philadelphia, for appellant.

Andrew B. Cohn, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

The question raised by this appeal is whether the court below erred in dismissing the defendant's motion to quash the complaint in that this dismissal violated the defendant's federal constitutional and state statutory rights not to be placed in double jeopardy?

This argument is without merit, but we will however, discuss the matter briefly. The defendant wrongly interprets *18 Pa.C.S.A. 110(1)(ii)*. It is apparent in the instant case that no one court had simultaneous jurisdiction to adjudicate both the summary and misdemeanor offenses of which the defendant is charged, i.e., Philadelphia Traffic Court and the Municipal Court. The matter has been adjudicated by this court in two recent cases: *Commonwealth v. Masterson*, 275 Pa. Superior Ct. 166, 418 A.2d 664 (1980) and *Commonwealth v. Hanlin*, 272 Pa. Superior Ct. 313, 415 A.2d 905 (1979).

On July 4, 1979, the defendant was involved, as the driver of an automobile, in a motor vehicle accident in the City of Philadelphia. One of the accident victims, a passenger in defendant's car, died on July 13, 1979, as a result of her

injuries. On July 17, 1979, a summons for a traffic code violations, 75 Pa.C.S.A. 1501 (driving a motor vehicle without an operator's license), a summary offense, was issued for the defendant. At a hearing in Philadelphia Traffic Court on September 4, 1979, the defendant was convicted of that summary offense. Thereafter, on September 22, 1979, a complaint was filed charging the defendant with involuntary manslaughter, homicide by vehicle, and operating a motor vehicle while intoxicated, all misdemeanor offenses arising from the July 4, 1979 accident. Prior to his Municipal Court trial, the defendant filed a motion to dismiss these informations, alleging a violations of 18 Pa.C.S.A. 110. Following a hearing before the Honorable George J. Ivins the defendant's motion was denied. The instant interlocutory appeal followed.

In *Masterson*, supra, President Judge Cercone writing for a unanimous panel concluded "[the] Municipal Court does not have jurisdiction of summary offense under the Motor Vehicle laws." In that case, we held that the defendant's discharge at a Philadelphia traffic court hearing on a charge of disregarding a red light in an incident in which the defendant ran broadside into a taxi cab did not constitute an "acquittal" within the meaning of Section 110 of the Crimes Code. This section specifies when prosecution is barred by former prosecution for different offenses. There was no single court in which the Commonwealth could have filed both the summary and misdemeanor charges.

In *Hanlin*, supra, it was held that where charges of operating a motor *vehicle* under the influence, a misdemeanor, and failure to produce a driver's license, a summary offense, arose from one episode, discharge of the defendant on the summary offense did not require dismissal of misdemeanor since misdemeanor requires proof of separate elements not required by the summary charge and the evil or harm sought to be prevented by statute are substantially different.

*Masterson*, supra, and *Hanlin*, supra, clearly dispose of this appeal.

The appeal is quashed for the reasons set forth above and because it is clearly interlocutory and the case is remanded for trial.