444 A.2d 1246

**COMMONWEALTH of Pennsylvania**

v.

**Heinz BUECHELE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1981.

Filed April 23, 1982.

419

Wallace C. Worth, Jr., Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for appellee.

Before CERCONE, President Judge, and SPAETH and JOHNSON, JJ.

JOHNSON, Judge:

On September 8, 1979, shortly after midnight, appellant was stopped by the police of Salisbury Township after an automobile chase. An officer of the neighboring Allentown police responded to a call for help put out by the Salisbury police, and appeared on the scene where the Salisbury police had stopped appellant, who appeared to be intoxicated. Within a few minutes the Allentown police officer was called back down the road to investigate a report of a hit and run which had occurred in Allentown. The owner of a parked car had heard the sound of a collision and had run outside and seen the make and license number of the car which had hit his car and proceeded without stopping. The Allentown police officer filled out a citation form, based on the information supplied by the victim of the hit and run. The citation charged appellant with the appropriate viola-

tion of the Vehicle Code.[1] The citation was "turned in" to the Allentown District Justice, who forwarded it by certified mail to appellant. A few days later, September 21, 1979, appellant came to the District Justice's office and paid the fine—the standard fine for a summary offense [2]—$25.00 plus $10.00 costs, totalling $35.00.

Meanwhile, on September 8, 1979, a criminal complaint was issued by the Salisbury police against appellant, for drunk driving,[3] a misdemeanor of the third degree, and various other summary offenses.[4] That same day an arraignment was held by a District Magistrate, following which the appellant was released. A preliminary hearing was held on November 5, 1979, before the District Justice of Salisbury. Because the magistrate found a prima facie case against appellant for the misdemeanor, all charges were returned to court. The Comment to Pennsylvania Rule of Criminal Procedure 51 states: "If one or more of the charges is a misdemeanor or felony, the summary offense, if known at the time, shall be charged in the same complaint, and the case shall proceed as a court case under Chapter 100 of these Rules. See *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), addendum opinion on remand 455 Pa. 622, 314 A.2d 854 (1976)." Pa.R.Crim.P. 51, 42 Pa.C.S.A. (Pamp.1981). The transcript was sent by the district justice to court on November 5, 1979.

In January, 1980, appellant filed his omnibus pre-trial motion for relief which, after a hearing in the Court of Common Pleas of Lehigh County, was denied by the trial judge.

1. Act of June 17, 1976, P.L. 162, No. 81, § 1, as amended; 75 Pa.C.S.A. §§ 101–9301 (Purdon 1977 & Supp.1981). Hit and run is defined in 75 Pa.C.S.A. § 3745, accidents involving damage to unattended vehicle or property.

2. *See* 75 Pa.C.S.A. § 6502.

3. Driving under the influence of alcohol or controlled substance, 75 Pa.C.S.A. § 3731.

4. 75 Pa.C.S.A. §§ 3112(a)(3)(i), 3323(b), 3714, 3733(a).

■ It is this denial from which this appeal is brought. Although a denial of pre-trial motions is not normally a final order, in cases where the pre-trial motion is a motion to quash on double jeopardy grounds, the denial of the motion is final and appealable. *See Commonwealth v. Fields*, 491 Pa. 609, 421 A.2d 1051 (1980); *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). Because appellant's pre-trial motion was based on our Supreme Court's decision in *Commonwealth v. Campana*,[5] 452 Pa. 233, 304 A.2d 432 (1973), *addendum opinion after remand*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974), we therefore must entertain the appeal.

Appellant asserts that because he had pleaded guilty to the "hit and run" summary offense, prosecution for charges arising out of the same criminal episode is barred. Appellant contends that prosecution is barred by the constitutional doctrine of double jeopardy, by the rule of *Campana*, and by Section 110 of the Crimes Code, 18 Pa.C.S.A. § 110 (Purdon 1973).[6]

5. In *Campana* our Supreme Court held that a prosecutor must bring in a single proceeding all known charges against a defendant arising from a single criminal episode.

6. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, as amended; 18 Pa.C.S.A. §§ 101–7505 (Purdon 1973 & Supp.). 18 Pa.C.S.A. § 110 provides:

§ 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution.

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

Appellant is asking us to rule that an allegedly drunk driver who has been stopped by the police after a chase in which numerous traffic violations have occurred, in circumstances where a citation for one summary offense is entered in one township, and a criminal complaint for a misdemeanor and other summary offenses filed in another township, who quietly pays the fine according to the first citation, is absolved from prosecution for the other violations.

This we shall not do. Our case and our statutory law will not be construed to permit such a mockery of the criminal justice system.

In *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978), our Supreme Court stated that the purpose of the *Campana* rule is to avoid government harassment of a defendant due to successive trials, and to assure finality of litigation without unduly burdening the judicial process with repetitious litigation. *Id.*, 480 Pa. at 540–541, 391 A.2d at 1017. In *Holmes* the defendant was charged with the murder and robbery of one victim and then with aggravated assault on another victim, both charges arising out of the same incident, where he shot one victim and then the other. The court held that even though the defendant had not requested consolidation, the Commonwealth should have brought the charges in one proceeding. The trial and guilty

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

verdict on the charge of murder barred the subsequent trial on the other charges. LARSEN, J., dissenting, found that the subsequent prosecution was not barred, under an exception in 18 Pa.C.S.A. § 110, namely § 110(1)(iii)(A), which states that:

> the former prosecution will bar the second prosecution for the same conduct unless "the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil. . . . "

*Id.*, 480 Pa. at 542, 391 A.2d at 1018.

Similarly, in *Commonwealth v. Hanlin*, 272 Pa.Super. 313, 415 A.2d 905 (1979), the defendant had been cited for drunk driving, and also for driving without a license, a summary offense.[7] The district magistrate, at a hearing, discharged the defendant on the summary offense, but bound him over on the misdemeanor. The defendant, on appeal, raised the *Campana* issues presented now before us. This court held that the two applicable sections of the Vehicle Code involve proof of different facts and seek to prevent different harms or evils, and therefore prosecution on the misdemeanor charge was not barred. *See* 18 Pa.C.S.A. § 110(1)(iii)(A).

In *Commonwealth v. Edwards*, 264 Pa.Super. 223, 399 A.2d 747 (1979), a case on which appellant relies, the defendant was charged with theft[8] and conspiracy,[9] and subsequently with unsworn falsification to authorities[10] (all three are misdemeanors or felonies). He pleaded guilty to the falsification charge, and was then tried on the theft and conspiracy charges. This court discharged the defendant on the basis of section 110, finding that all the offenses occurred in the same episode and that the Commonwealth

7. 75 Pa.C.S.A. § 1501.

8. 18 Pa.C.S.A. § 3921.

9. *Id.* § 903.

10. *Id.* § 4904.

should have moved to consolidate them. This case is not authority for the situation now before us. *Edwards* involved violations of the Crimes Code. Paying a traffic ticket to a district magistrate's office is hardly the type of former prosecution resulting in a conviction as is defined in Sections 109 and 110. The case law which is more apposite to the situation before us is that involving Vehicle Code violations.[11]

The trial court relied in its opinion on *Commonwealth v. Bartley*, 262 Pa.Super. 390, 396 A.2d 810 (1979). In that case the defendant, at a preliminary hearing, pleaded guilty to operating a motor vehicle without a license [12] and paid a fine of $60.00. He waived the other charges, reckless driving [13] and driving under the influence of alcohol,[14] to Common Pleas for a jury trial. Then he moved to quash the information as to those charges, basing his motion on section 110.

This court held, in *Bartley*, that although the charges arose out of the same episode, the appellant had caused the charges to be separated by his own actions at the preliminary hearing. The court concluded:

> *Section 110 is intended to prevent harassment by the prosecution; it is not intended to afford a defendant with a procedural expedient to avoid a prosecution.*[8] See *Commonwealth v. Green* [232 Pa.Super.Ct. 134, 335 A.2d 493 (1975)] (defendant by silently acquiescing in the separation of the charges had waived his claim under section 110).

---

[8] Section 1.3(d) of the ABA Standards Relating to Joinder and Severence [sic] provides:

(d) Entry of a plea of guilty or nolo contendere to one offense does not bar the subsequent prosecution of a related offense. A defend-

11. See e.g., *Commonwealth v. Spurgeon*, infra n. 15; *Commonwealth v. Fries*, 284 Pa.Super. 421, 426 A.2d 119 (1981); *Commonwealth v. Masterson*, 275 Pa.Super. 166, 418 A.2d 664 (1980); *Commonwealth v. Hanlin*, supra; *Commonwealth v. Bartley*, infra; *Commonwealth v. Erisman*, 247 Pa.Super.Ct. 476, 372 A.2d 925 (1977).

12. 75 Pa.C.S.A. § 1501.

13. *Id.* § 3714.

14. *Id.* § 3731.

ant may enter a plea of guilty or nolo contendere on the basis of a plea agreement in which the prosecuting attorney agreed to seek or not to oppose dismissal of other related charges or not to prosecute other potential related charges.

ABA Standards Relating to Joinder and Severence, [sic] § 1.3(d) (Approved Draft 1968).

The commentary to this section of the ABA Standards states that if the defendant pleads guilty or *nolo contendere* to one charge, he has "severed the offenses—as far as their disposition is concerned—and is in no position to complain about a subsequent trial of a related offense." ABA Standards Relating to Joinder and Severance, § 1.3(d) (Commentary).

262 Pa.Super. at 396–397, 396 A.2d at 813 (emphasis added).

 A charge of hit and run does not require proof of the same facts as a drunk driving charge. Hit and run and drunk driving statutes are aimed at different perils.[15] Therefore, in this case, the exception in section 110 applies. Furthermore, payment of a traffic ticket, even though the payor signs a form saying he pleads guilty, is hardly the former prosecution resulting in a conviction or a plea of guilty accepted by the court referred to in 18 Pa.C.S.A. §§ 109, 110.

Sections 109 and 110 of the Crimes Code refer to a plea of guilty accepted "by the Court."[16] The Rules of Criminal Procedure on summary offenses, i.e. Chapter 50, refer to citations issued by an "issuing authority", which is defined in Pa.R.Crim.P. 3 as "any public official having the power and authority of an alderman, justice of the peace, magistrate or district justice." The same section defines "court" as a "court of record." Pa.R.Crim.P. 51 provides for the issuance of a citation by an issuing authority. Pa.R.Crim.P. 56 describes the procedure for receipt by *the issuing authority* of a plea of guilty in response to a citation. Nothing in these rules raises this procedure to the level of a *court case.*

---

15. *See also, Commonwealth v. Spurgeon,* 285 Pa.Super. 563, 428 A.2d 189 (1981), *petition for allowance of appeal denied* May 5, 1981, (acquittal of reckless driving charge did not bar prosecution for other Vehicle and Crimes Code offenses where each required proof of different facts and each offense designed to prevent a different harm or evil).

16. *See* 18 Pa.C.S.A. §§ 109(3), 110(1).

Thus, the guilty plea in the magistrate's office is not a "plea of guilty accepted by the court."

Appellant contends that each officer involved in the charges against him knew of the other charges brought by the other. This is not certain. The fact that the Allentown police officer was present for a few minutes when appellant was first stopped by the Salisbury police, and then departed to pursue another matter (which turned out to involve the same driver), does not prove that the Allentown officer knew what charges were to be brought against appellant by the Salisbury police. The *Campana* rule is addressed to different charges which are known at the same time. All the charges known to the Salisbury police were included in the criminal complaint filed by them. The Allentown police cited appellant for the offense reported to them by the victim.

Pa.R.Crim.P. 21 provides in part:

Rule 21. Venue

All criminal proceedings shall be brought before the issuing authority for the magisterial district where the offense is alleged to have occurred or before an issuing authority on temporary assignment to serve such magisterial district, subject, however, to the following exceptions:

. . . . .

(c) Where any offense is alleged to have occurred within 100 yards of the boundary between two or more magisterial districts of a judicial district, the proceeding may be brought in either or any of the magisterial districts without regard to the boundary lines of any county.

The citation for the hit and run was properly issued by the magistrate in Allentown. The other offenses, occurring at least half a mile away, were charged by the Salisbury police, and the charges were properly issued by the Salisbury magistrate.[17]

17. Compare *Commonwealth v. Masterson*, 275 Pa.Super. 166, 418 A.2d 664 (1980), where this court held that the defendant's discharge

To summarize: section 110(1) does not bar this prosecution because (1) there was no former prosecution resulting in a conviction as defined in section 109 (i.e. "a plea of guilty accepted by the court"); (2) there was no prosecution in the mere issuance of a Vehicle Code citation by an issuing authority; (3) the Allentown magistrate did not know of the Salisbury charges; (4) the citations and charges were issued by magistrates from different districts; (5) the summary offense for which defendant paid the fine does not require proof of the same facts as the other offenses and the misdemeanor; (6) the law defining hit and run is intended to prevent a substantially different harm from that defining drunk driving. Lastly, we reiterate that the purpose of the double jeopardy doctrine and of the rule of *Campana* is to avoid harassment of a defendant by the government. Issuance by a district magistrate of a citation for a summary offense violating the Vehicle Code is not a prosecution or a trial which causes the anxiety and strain to a defendant, or which can be viewed as harassment by the government, such as is prohibited by our system of justice.[18]

The trial court did not err in denying the motion to quash. The denial of the motion to quash is affirmed.

SPAETH, J., concurs in the result.

at a Philadelphia Traffic Court on a charge of disregarding a red light did not bar a subsequent prosecution for involuntary manslaughter arising out of the same episode, as there was no single court in which the Commonwealth could have filed both the summary and misdemeanor charges.

18. *Compare* Justice Black's oft-quoted words from *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957):
[T]he state with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity. . . .
*See Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v. Campana, supra.*