J-A22030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN ANTHONY ATKINS | : | |
| | : | |
| Appellant | : | No. 336 MDA 2020 |

Appeal from the Order Entered January 27, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000973-2019

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 21, 2020**

Appellant, Sean Anthony Atkins, appeals from the January 27, 2020 order of the Franklin County Court of Common Pleas granting in part and denying in part Appellant's motion to dismiss pursuant to 18 Pa.C.S. § 110. We affirm.

The trial court summarized the background of this case in its opinion addressing Appellant's motion to dismiss, upon which the trial court relied in its opinion pursuant to Pa.R.A.P. 1925(a), as follows:

> Trooper Erica Polcha of the Pennsylvania State Police was dispatched to 1 West Main Street, Greene Township, Franklin County, Pennsylvania upon a report of a stolen firearm on May 20, 2017.  Upon arriving at the address, Trooper Polcha spoke with the victim, Ronald James Hafey ("Hafey"), who said he noticed his gun was missing that morning.  Hafey explained that he owned a Taurus PT111 G2 (SN: TJR90106) with a twelve-round double stack nine millimeter magazine and black belt clip holster, which he kept under a pillow on the couch in his living room.  Hafey also told Trooper Polcha that his nephew, [Appellant], who has a

history of theft, sometimes visits Hafey's residence; moreover, Hafey related [Appellant] had been there recently.

On June 8, 2017, Trooper Polcha interviewed [Appellant] at the barracks; [Appellant] denied any involvement in the theft. Trooper Polcha did not charge [Appellant] with any offense at that time.

On June 20, 2017, the Chambersburg Police Department (CPD) responded to 5 Garber Street, Franklin County, Pennsylvania, around 2:00 p.m. on a report of a shooting. Upon arriving at the scene, CPD officers observed Tyson Hettenschuller ("Hettenschuller") lying on the ground, unconscious, in front of the residence. Hettenschuller suffered multiple gunshot wounds and was pronounced dead after being transported to the Chambersburg Hospital.

Officers spoke with witnesses in the area and determined there had been a fight between a resident of 5 Garber Street and another male. At some point, three other males joined the fight. Hettenschuller tried to intervene and assist the resident of 5 Garber Street, when one of the individuals, who was described as tall and having orange hair, pulled out a handgun and fired multiple shots at Hettenschuller before he and the other three males fled eastbound on Martin Avenue. Two of the men involved were identified and interviewed by police. They identified [Appellant] as the individual who fired the shots at Hettenschuller.

CPD officers located [Appellant] and interviewed him at the CPD Headquarters. [Appellant] indicated he had been with four friends, one of whom stated he had an issue with the resident of 5 Garber Street. The group confronted the resident and a physical altercation resulted. Hettenschuller became involved in the altercation, assisting the individual who resided there. [Appellant] confessed to pulling out a firearm and shooting Hettenschuller before fleeing the scene.

The firearm used in the homicide was not recovered. However, the police recovered five spent 9 mm shell casings at the scene, and [Appellant] admitted he used a 9 mm handgun during the incident. Based upon the foregoing, [Appellant] was charged with criminal homicide[1] by the Chambersburg Police Department on June 20, 2017. The homicide was docketed at information number 1458-2017.

- 2 -

[1] 18 Pa.C.S. § 2501(a).

On March 25, 2019, [Appellant] proceeded to trial on one count of first degree murder in Franklin County. The Commonwealth presented testimony from Hafey concerning the theft of his firearm. The Commonwealth also presented testimony, including expert testimony, to prove that [Appellant] used the firearm he stole from Hafey during the homicide. Further, during the trial, [Appellant] testified he stole a gun from his uncle in Fayeteville around May 20, 2017, and used the gun in the shooting. [Appellant] was ultimately convicted of the lesser included offense of voluntary manslaughter.

Following the trial, the Franklin County District Attorney contacted Trooper Polcha and recommended charges be filed against [Appellant] related to the stolen firearm. On April 8, 2019, [Appellant] was charged by criminal complaint with one count of theft by unlawful taking or disposition,[2] one count of firearms not to be carried without a license,[3] one count of possessing instruments of crime,[4] and one count of persons not to possess, use, manufacture, control, sell or transfer firearms.[5]

[2] 18 Pa.C.S. § 3921(a).

[3] 18 Pa.C.S. § 6106(a)(1).

[4] 18 Pa.C.S. § 907(6).

[5] 18 Pa.C.S. § 6105(c)(8).[1]

Opinion and Order of Court, 1/27/20, at 1–3.

---

[1] As noted by the Commonwealth, the charge of person not to possess firearms, 18 Pa.C.S. § 6105(c)(8), was replaced with one count of possession of firearm prohibited, 18 Pa.C.S. § 6105(a)(1), both graded as second-degree felonies. Commonwealth's Brief at 2; Criminal Docket at 3. The Commonwealth utilized the phrase, "person not to possess firearm," to avoid confusion because Appellant and the trial court used that phrase. *Id.* at 9 n.9. We do the same herein. Neither Appellant nor the trial court has acknowledged the change from (c)(8) to (a)(1), and no one has suggested that the change impacts the analysis herein.

Appellant filed a "Motion to Dismiss Pursuant to 18 Pa.C.S. § 110" on August 5, 2019, and the Commonwealth filed a response on September 19, 2019. The trial court held a hearing on the motion on November 13, 2019. On January 27, 2020, the trial court granted the motion "as to the charges of firearms not to be carried without a license and possessing instruments of a crime," and dismissed those charges, and denied the motion "as to the charges of theft by unlawful taking and person not to possess a firearm." Pa.R.A.P. 1925(a) Opinion, 4/9/20, at 3. Appellant filed the instant appeal; both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

A. Did the trial court err by denying [Appellant's] motion to dismiss the charges pursuant to Pa.C.S. § 110(1)(i)?

B. Did the trial court err by denying [Appellant's] motion to dismiss the charges pursuant to Pa.C.S. § 110(1)(ii)?

Appellant's Brief at 3. Because these issues present questions of law, our scope of review is plenary and our standard of review is *de novo*. ***Commonwealth v. Perfetto***, 207 A.3d 812, 821 (Pa. 2019). The issues will be addressed together.

The statute in question, Pennsylvania's compulsory-joinder statute, provides, in pertinent part, as follows:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different

facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense;

18 Pa.C.S. § 110(1)(i)–(ii).

Subsection 110(1)(ii) of the compulsory joinder statute contains four primary elements, which, if met, preclude a prosecution due to a former prosecution for a different offense. They are:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

*Perfetto*, 207 A.3d at 821 (*citing* **Commonwealth v. Fithian**, 961 A.2d 66, 72 (Pa. 2008)).

As the Commonwealth did not appeal the trial court's dismissal of charges,[2] the two charges Appellant now faces are one count each of (1) theft by unlawful taking or disposition, and (2) the Section 6105 offense. Appellant's argument related to 18 Pa.C.S. § 110(1)(i) regarding the charges of theft by unlawful taking and person not to possess firearms is merely a restatement of the argument he made to the trial court. Appellant's Brief at 17–20. Appellant does not assert any insufficiency regarding the trial court's explanation of why Section 110(1)(i) does not compel dismissal of the charges nor does he assail any specific explanation by the trial court. **Id.**

Regarding 18 Pa.C.S. § 110(1)(ii), Appellant maintains that the charge of theft by unlawful taking is logically related to the homicide prosecution and therefore, "failure to consolidate the charge with the homicide bars the subsequent prosecution." Appellant's Brief at 23. He further contends that the trial court erred in determining the statute did not bar the charge of persons not to possess, use, manufacture, control, sell or transfer firearms based on the conclusion that "it is highly probable the charges would have been severed anyway." Appellant's Brief at 25. Appellant suggests the charges arose out of the same criminal episode, and because Appellant did

_____

[2] **See Commonwealth v. Waller**, 682 A.2d 1292, 1294 (Pa. Super. 1996) (whether dismissal of criminal charges is considered final order appealable by the Commonwealth rests upon reason for the dismissal; when defect is incurable, as here, order dismissing charges is final).

not cause the separation of the charges, the prosecution for persons not to possess, use, manufacture, control, sell or transfer firearms should be barred under 18 Pa.C.S. § 110(1)(ii). Appellant's Brief at 27.[3]

We rely on the trial court's cogent reasoning in affirming denial of the motion to dismiss these charges under Sections 110(1)(i) and (ii), as follows:

### A. **Theft by Unlawful Taking or Disposition**

[Appellant] is charged under 18 Pa.C.S. §3921(a), which provides that "a person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof" 18 Pa.C.S. §3921(a). [Appellant] first argues this charge should be dismissed as he could have been convicted of the theft of Haley's 9 mm during the first prosecution. We disagree.

It is undisputed that, during the first prosecution, the Commonwealth put forth evidence to attempt to prove [Appellant] stole Haley's firearm and used it to commit the homicide. However, it was not necessary that the jury believe [Appellant] stole Haley's gun to find him guilty of homicide. The jury could have determined [Appellant] used any firearm to commit the murder. The evidence of the theft was presented solely to provide the jury with some proof [Appellant] possessed a gun at the time of the shooting. As the Commonwealth noted in its Answer to [Appellant's] Motion in Limine during the first prosecution:

> Inside the trial and presentation of evidence, the Commonwealth intends to refer to the relative's firearm as "stolen," but does not necessarily intend to repeatedly refer to the firearm utilized by [Appellant] as "stolen." Ultimately, however, the Commonwealth will argue in closing argument that the evidence certainly implicates a question as to whether [Appellant] used his relative's stolen firearm to commit this murder.

---

[3] Appellant erroneously refers to Section 110(1)(ii) as a rule of criminal procedure, rather than a section of the Crimes Code. Appellant's Brief at 27.

Commonwealth's Answer to [Appellant's] Motion in Limine.

"Implicates a question" of [Appellant's] guilt is much different than "sufficient to convict." Before the homicide trial, the Pennsylvania State Police did not have enough evidence to charge [Appellant] with the theft. Haley's contention that [Appellant] may have taken the gun, since he was at Haley's residence prior to the theft, was not nearly enough. Further, the gun was never recovered, so police were unable to match the bullets from the homicide to Haley's weapon. The fact that both firearms were 9 mm handguns is of little probative value, given the typicality of that type of firearm. Moreover, when police interviewed [Appellant], he denied any involvement in the theft. [Appellant] only confessed to committing the theft while testifying at his homicide trial, as his defense strategy was to admit shooting Hettenschuller, but to argue he acted in self defense.

This is not the type of circumstances the compulsory joinder rule was created to remedy. See Commonwealth v. Buechele, 444 A.2d 1246, 1249 (Pa. Super. Ct. 1982) ("Section 110 is intended to prevent harassment by the prosecution; it is not intended to afford a defendant with a procedural expedient to avoid a prosecution."). As such, we decline to dismiss this charge under § 110(1)(i).

[Appellant] also argues the theft and the homicide were part of one criminal episode. [Appellant] bases this argument on the Commonwealth's strategy during the former prosecution to prove [Appellant] utilized the gun he stole from Hafey in the shooting. For the reasons that follow, we reject [Appellant's] claim.

Even though [Appellant] testified at trial the firearm stolen from Hafey was the same firearm used in the homicide, more is required to demonstrate the offenses are logically and temporally related.[8] Significantly, the Superior Court held in [Commonwealth v.] Miskovitch, [64 A.3d 672 (Pa. Super. 2013),] that the fact that a stolen vehicle was used in a subsequent robbery, alone, does not entitle a defendant to dismissal under § 110. See Miskovitch, 64 A.3d at 687 ("Apart from Appellant's role in these crimes, the vehicle stolen on July 31, 2004, provided the only link to the instant case; however, even that link is dubious."). More important to the court's determination was the difference in date and time of the offenses, the difference in location of the offenses,

the difference in witnesses required by the prosecution for the offenses, the difference in the elements of the offenses, and the difference in the remaining factual and legal issues of the offenses. Id.

> [8] Similarly, the Superior Court stated, "Although evidence of the intimidation may have been admissible at the first trial to infer guilt, and evidence of the assault may be admissible at the second trial to show motive, neither crime is necessary to prove the other. They involve different facts and different issues. They are unrelated in kind--one is an assault on a person, the other a possessory offense and an obstruction of justice. Factually, they are separated by time and distance." Commonwealth v. Walton, 592 A.2d 335, 338 (Pa. Super. Ct 1991) (*quoting* Commonwealth v. Flenory 504 A.2d 1341, 1342-43 (Pa. Super. Ct. 1986)).

With that in mind, it is clear [Appellant] is not entitled to relief. The offenses were not temporally close or contiguous. [Appellant] testified at the former trial that he stole Hafey's gun one or two months before the homicide; furthermore, he testified he did not steal the gun with the intent to murder Hettenschuller, as any issue between them only arose the day of the homicide. The offenses occurred in completely different locations: [Appellant] stole the gun from Haley's residence in Fayet[t]eville, whereas the homicide occurred at 5 Garber Street in Chambersburg, outside the residence of one of the individuals involved in the altercation.

Further, different witnesses would be required to prove the theft. At [Appellant's] homicide trial, the Commonwealth presented testimony from six witnesses who were involved in the incident. The Commonwealth also presented evidence from Detectives Hardin and Baker of the CPD regarding their investigation of the homicide, as well as experts who provided medical testimony. The Commonwealth introduced several exhibits, including photographs and surveillance from the scene. None of this evidence and testimony would be relevant at a trial on the theft charge. While Hafey testified at the homicide trial and would likely also testify at the theft trial, from review of the transcripts of the homicide trial, it is apparent that the theft of the

- 9 -

firearm played only a minor role in the former prosecution, in light of all the other evidence presented.[9]

> [9] In [Commonwealth v.] Wittenburg, [710 A.2d 69, 73 (Pa. Super. 1998),] where the defendant was first convicted of robbery and later charged with aggravated assault attempted homicide, reckless endangerment, fleeing from a police officer, and firearms offenses, stemming from a shoot-out and high-speed chase that occurred after the defendant committed the robbery, the Superior Court noted "the charges are not duplicated; the elements of the crimes that would be proven in [the second prosecution] are quite distinct from those relating to the robbery charge." Wittenburg, 710 A.2d [at 74]. The court also noted the officers involved in the car chase were not witnesses to the robbery which occurred shortly before, while an employee at the Uni-Mart which the defendant robbed would have been called to identify the defendant on the robbery charge. Id. The court determined that the fact that the officers involved in the car chase "may have been called to testify about the goods stolen from the Uni-Mart and the defendant's possession of the .357 Magnum," as these items were recovered in the defendant's car after the chase, constituted no more than a de minimis duplication of legal and factual issues. Id.

In addition, the offenses are unrelated in kind—one was theft and one was homicide. The offenses require completely different elements and have completely different defenses.

The remaining factual and legal issues differ greatly as well. The cases involve separate police departments conducting the investigations. Further, the cases involve different victims. This compels the conclusion that the offenses are not logically or temporally related.[10] Thus, [Appellant] is not entitled to dismissal under § 110(1)(i).[11]

> [10] In [Commonwealth v.] Hude, [458 A.2d 177 (Pa. 1983)], the Court found the offenses logically related, because "the case did not involve 'a situation where different evidence was required to be introduced to

- 10 -

establish the alleged individual instances of possession and delivery,' but rather, involved a situation in which the Commonwealth's case in both the first and second drug trials rested solely upon the credibility of a single witness," [Commonwealth v.] Reid, 77 A.3d [579,] 583 [(Pa. 2013)] (*quoting* Hude, 458 A.2d at 183). The Court in [Commonwealth v.] Bracalielly, [658 A.2d 755 (Pa. 1995)], noting the drug sales occurred in two separate counties, and authorities in each county "were conducting separate undercover investigations of the defendant," distinguished the of case from Hude, as "'proof each individual instance...would not rest solely on the credibility of a single witness, but rather, would require the testimony of completely different police officers and expert witnesses as well as the establishment of separate chains of custody.'" Reid, 77 A.3d at 584 (*quoting* Bracalielly, 658 A.2d at 762).

[11] [Appellant's] "interest in avoiding undue governmental harassment in the separate prosecution of the offenses is outweighed by the Commonwealth's interest in securing justice for each distinct crime.["] Commonwealth v. Pinkston, 492 A.2d 1146, 1150 (Pa. Super. Ct. 1985).

\* \* \*

## C. Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms

Defendant is also charged under 18 Pa.C.S. §6105(c)(8), which prohibits a person who was adjudicated delinquent from possessing, using, controlling, selling, transferring or manufacturing a firearm. 18 Pa.C.S. § 6105(a).

During the first prosecution, while the Commonwealth presented evidence showing [Appellant] possessed and used a gun, no evidence was put forth regarding [Appellant's] past criminal history or his disqualification from using a firearm. Had [Appellant] been charged with this offense along with criminal homicide, it is highly probable the charges would have been severed anyway.

Pennsylvania Rule of Criminal Procedure 583 provides that "the court may order separate trials of offenses or defendants or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583. In determining whether charges should be severed, a court must consider:

> (1) whether the evidence of each of the offenses would be admissible in a separate trial for the other; (2) whether such evidence is capable by separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative; (3) whether the defendant will be unduly prejudiced by the consolidation of offenses.

Commonwealth v. Lark, 543 A.2d 491, 496-97 (Pa. 1988).

With this standard in mind, we find the charges would have been severed. First, the evidence to prove the possessory offense would not be admissible at a separate trial for homicide. To prove the offense under 18 Pa.C.S. § 6105(c)(8), the Commonwealth would be required to introduce evidence of [Appellant's] prior criminal acts as an element of the crime. It is well-established in this Commonwealth that "evidence of prior crimes or bad acts are not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes." Commonwealth v. Melendez-Rodriguez, 856 A.2d 1278, 1283 (Pa. Super. Ct. 2004). However, this evidence may be admissible when used for another purpose, such as to prove motive, intent, lack of mistake or accident, common scheme, and identity. Id. (*quoting* Commonwealth v. Reid, 811 A.2d 530, 550 (Pa. 2002)). None of the exceptions apply here.

Moreover, consolidation of the offenses would unduly prejudice [Appellant]. During the homicide prosecution, his defense strategy relied heavily on his credibility. [Appellant] took the stand and testified on his own behalf, alleging he shot Hettenschuller in self-defense. Ultimately, the jury convicted him on the lesser charge of voluntary manslaughter instead of first degree murder. Evidence of [Appellant's] juvenile criminal history would undoubtedly have hurt his credibility, and thus, his defense.

Because the evidence of [Appellant's] prior delinquency would be inadmissible at a trial for homicide, and further because

- 12 -

such evidence would be highly prejudicial to his defense, the charges would have been severed. Thus, the Commonwealth will not be barred under either § 110(1)(i) or (ii) from charging [Appellant] with this offense now.

Opinion and Order of Court, 1/27/20, at 6–10, 12–14.

The trial court sufficiently responded to Appellant's only claim that the current charges arose from the same criminal episode as the murder. Appellant's Brief at 22. As this Court has reiterated, a criminal episode is "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." *Commonwealth v. George*, 38 A.3d 893, 897 (Pa. Super. 2012). In making such a determination, "one must consider the logical relationship between the acts, *i.e.*, whether there is a substantial duplication of issues of law and fact, and whether the acts are temporally related." *Id.* (quoting *Hude*, 458 A.2d at 183). Similarly to this Court's holding in *Miskovitch*, 64 A.3d at 697, that use of a stolen vehicle in a subsequent robbery does not provide a logical connection to warrant relief under Section 110, the fact that herein, a stolen gun was used in a subsequent murder that is not temporally connected, does not compel relief under Section 110. As we emphasized in *Miskovitch*:

Apart from [the a]ppellant's role in these crimes, the vehicle stolen on July 31, 2004, provided the only link to the instant case; however, even that link is dubious. The crimes occurred on different days and at different locations, and, not surprisingly, different witnesses were required for the prosecution of the separate crimes. There were no common elements of the charged criminal offenses beyond the identity of the perpetrator, nor did

- 13 -

the separate prosecutions result in duplication of any other legal or factual issues.

*Miskovitch*, 64 A.3d at 687 (footnote omitted).

The current offenses occurred on May 20, 2017, and the murder took place on June 20, 2017. The incidents happened in different locations. Different witnesses are required for the crimes. There are no common elements of offenses or duplication of legal or factual issues. Because there is no logical nexus between the stealing of the gun and the murder, as concluded by the trial court, the offenses are not part of the same criminal episode. Thus, we conclude the trial court properly denied Appellant's motion to dismiss these charges.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2020