418 A.2d 664

COMMONWEALTH of Pennsylvania

v.

Michael MASTERSON, Appellant.

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed Feb. 15, 1980.

William H. R. Casey, Richboro, for appellant.

Mark Gottlieb, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

The instant appeal arises from the refusal of the Court of Common Pleas of Philadelphia County, pursuant to the Crimes Code, 18 Pa.C.S. § 110 (1973), to quash the complaint charging appellant with involuntary manslaughter. It is appellant's position that his discharge at a Philadelphia Traffic Court hearing on the charge of disregarding a red light constitutes an acquittal within the meaning of Section 110, so that he may not be prosecuted for the charge of involuntary manslaughter arising from the episode. We disagree and will affirm.

On the night of March 18, 1977, appellant was operating his car in Philadelphia when it collided with the broadside of a taxicab at the corner of Jasper Street and Allegheny Avenue. Witnesses at the scene when the police arrived reported that appellant had ignored a traffic signal and struck the cab which had the right of way. Most unfortunately, two days later one of the passengers in the taxi died as a result of injuries sustained in the accident.

Four days after the passenger's death, the Philadelphia Police issued a summons charging appellant with disregarding a traffic signal, a summary offense under the old Motor Vehicle Code, 75 P.S. § 1028(a) (1959), and the case was listed for hearing before the Philadelphia Traffic Court on May 17, 1977. At that time, after the witnesses were sworn, the police officer in charge of the prosecution informed the court that he could not proceed because the only witness for the Commonwealth present had not actually seen the accident occur and, therefore, could only offer hearsay testimony concerning whether the traffic signal was red, yellow or green. Consequently, appellant was discharged.

The very next day, May 18, 1977, the police interviewed a teenage boy who had been present when the accident occurred and would testify that appellant disregarded a red light.[1] Consequently, on May 26, 1977, the Commonwealth filed the criminal complaint charging appellant with the misdemeanors of involuntary manslaughter and recklessly endangering another person pursuant to the Crimes Code, 18 Pa.C.S. §§ 2504 & 2705 (1973). These being crimes carrying potentially maximum sentences of less than five years, the case initially fell within the jurisdiction of the Philadelphia Municipal Court.

Alert to the possibility that appellant's discharge on the summary offense might constitute an acquittal within the meaning of Section 110 of the Crimes Code, counsel prompt-

---

1. The Commonwealth had known previously that this boy witnessed the accident but, according to the Commonwealth, the boy's parents initially would not permit the police to interview the boy. It was for this reason, the Commonwealth alleges, the boy was not present as a witness at the Traffic Court hearing.

ly filed a motion to quash the misdemeanor charge of involuntary manslaughter. Thereafter, a hearing was held on the motion to dismiss in Municipal Court, and the motion was denied. On appeal to the Court of Common Pleas, the Municipal Court order was affirmed and appellant perfected the instant appeal before this court.

Crimes Code § 110 provides in pertinent part as follows: "When prosecution barred by former prosecution for different offense

Although a prosecution is for violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

. . . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, *if such offense* was known to the appropriate prosecuting officer at the time of the commencement of the first trial and *was within the jurisdiction of a single court* unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil . . . ."

With regard to Section 110, in the instant case the pivotal question is whether one court had jurisdiction over both the summary traffic violation and the misdemeanors of involuntary manslaughter and recklessly endangering another person. Our analysis of the Pennsylvania Constitution, relevant statutes, the scant case law on the point, leads us to the

conclusion that no one court in Philadelphia initially had jurisdiction of both these classes of crimes. Therefore separate prosecution for these offenses did not violate appellant's statutory right to compulsory joinder of the offenses under Section 110 of the Crimes Code.

First, both the Commonwealth and appellant agree that the Philadelphia Traffic Court could not have tried appellant for both the summary offense and the misdemeanors. That is so because the jurisdiction of Traffic Court in Philadelphia is statutorily fixed as follows:

"The Traffic Court of Philadelphia shall be a court not of record . . . , said court shall have jurisdiction in all prosecutions for summary offenses, arising under "The Vehicle Code" or any ordinance of the City of Philadelphia enacted pursuant thereto, committed within the limits of the City and County." [2]

Since Traffic Court does not have jurisdiction over crimes other than summary offenses, obviously appellant could not have been tried there on the misdemeanors.

Second, appellant could not have been tried on both offenses in Municipal Court, the jurisdiction of which was fixed in Section 16 of the Schedule to Article V of our Constitution as follows:

"16.   Until otherwise provided by law:

.         .         .         .         .

(r) The municipal court shall have jurisdiction in the following matters:

(i) Committing magistrates' jurisdiction in all criminal matters.

(ii) All summary offenses, except those under the motor vehicle laws.

(iii) All criminal offenses for which no prison term may be imposed or which are punishable by a term of imprisonment of not more than two years, and indictable offenses

---

**2.**  The Traffic Court Act of Philadelphia, 17 P.S. § 712.1 (Supp.1978). This provision has since been repealed and replaced by the Judicial Code, 42 Pa.C.S. § 1302 (1979), which has not altered the Act in any fashion material to this litigation.

under the motor vehicle laws for which no prison term may be imposed or punishable by a term of imprisonment of not more than three years. In these cases, the defendant shall have no right of trial by jury in that court, but he shall have the right of appeal for trial de novo including the right to trial by jury to the trial division of the court of common pleas. Until there are a sufficient number of judges who are members of the bar of the Supreme Court serving in the municipal court to handle such matters, the trial division of the court of common pleas shall have concurrent jurisdiction over such matters, the assignment of cases to the respective courts to be determined by rule prescribed by the president judge of the court of common pleas. . . ."

Pursuant to Section 16(r)(ii) of the Schedule, Municipal Court does not have jurisdiction of summary offenses under the motor vehicle laws. Since disregarding a traffic signal is one such offense, appellant could not have been tried on that charge in Municipal Court.[3]

---

**3.** The jurisdiction of the Municipal Court was statutorily modified by Act of July 14, 1971, P.L. 224, No. 45, § 1 as follows:

"Section 18. The municipal court shall have jurisdiction in all criminal offenses for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years, including indictable offenses under the motor vehicle laws. In these cases, the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo including the right of trial by jury to the trial division of the court of common pleas. Until there are a sufficient number of judges who are members of the bar of the Supreme Court serving in the municipal court to handle such matters, the trial division of the court of common pleas shall have concurrent jurisdiction over such matters, the assignment of cases to the respective courts to be determined by rule prescribed by the president judge of the court of common pleas.

The foregoing jurisdiction may be exercised only by those judges of the municipal court who are members of the bar of the Supreme Court. The judges of the municipal court exercising jurisdiction under this section [16(r)(iii), of the Schedule to the Judiciary Article,] shall have the same jurisdiction in probation and parole arising out of sentences imposed by them, as judges of the courts of common pleas of Philadelphia.

Section 2. Under authority of the Schedule to Article V of the Constitution of the Commonwealth of Pennsylvania this act shall replace section (16)(r)(iii) of that Schedule. . . ."

The only remaining possibility, the one which appellant most forcefully argues, is that the Commonwealth should have joined both the summary offense and the misdemeanors for trial in the Court of Common Pleas. The option of filing both actions in the Court of Common Pleas, however, was not an option open to the Commonwealth.

Although the Schedule to Article V of our Constitution, the Municipal Court Act of 1969, as amended by the Act of July 14, 1971, supra, and the currently effective Judicial Code, supra, contemplate the Municipal Court's ultimately exclusive jurisdiction of less serious criminal offenses, such as involuntary manslaughter, that plan could not be put into effect immediately. The reason was that jurisdiction of such criminal offenses, that is, misdemeanors, can only be exercised by Municipal Court judges who are members of the bar. Since many of the Philadelphia magistrates who were originally incorporated into the Municipal Court were not lawyers, the Municipal Court was, in effect, understaffed to handle all such cases. Consequently, both Section 16(r)(iii) of the Schedule, and the Act of July 9, 1976, P.L. 586, No. 142, § 10, 42 Pa.C.S. § 1123, note (1979) provided that "the Court of Common Pleas of Philadelphia County shall have concurrent jurisdiction over the matters specified in [Section 16(r)(iii) of the Schedule.]" Both the Schedule and the Act of July 14, 1971, however, provided that "the assignment of cases [over which the Municipal Court and the Court of Common Pleas have concurrent jurisdiction] to the respective courts [shall] be determined by rule prescribed by the president judge of the court of common pleas." Pursuant to this constitutional and statutory directive, on October 19, 1971, the court adopted the following general regulation:

"SUBJECT: ASSIGNMENT OF CRIMINAL CASES WITHIN THE CONCURRENT JURISDICTION OF THE

The modification, however, is limited to Section 16(r)(iii) of the Schedule and does not affect the jurisdiction of Municipal Court concerning summary motor vehicle violations. Meanwhile, the Acts of October 17, 1969, and July 14, 1971, have been repealed and replaced by the Judicial Code, 42 Pa.C.S. § 1123 (1979).

## MUNICIPAL COURT AND TRIAL DIVISION OF THE COURT OF COMMON PLEAS

All cases within the concurrent jurisdiction of the Municipal Court of Philadelphia and the Trial Division of the Court of Common Pleas of Philadelphia will be assigned for trial to the Municipal Court, unless the President Judge of the Court of Common Pleas or his designee approves a certification by counsel for defendant that a trial in the Municipal Court will unduly delay defendant's access to a trial by jury or a certification by counsel for either defendant or the Commonwealth that the trial of the case will be so time-consuming as to unduly disrupt the business of the Municipal Court. Such certificate together with proof of service may be filed with the Clerk of the Criminal Motion Court, Room 667, City Hall, at any time ten days or more before the first listing of the Municipal Court trial. (1)

A copy of such certificate shall be served upon opposing counsel prior to filing, and opposing counsel may within seventy-two (72) hours of receipt of the certificate file an answer controverting any or all of the facts alleged in the certification. Within three days of receipt of such answer or, if no such answer is received, of the time when such an answer might last have been filed, the President Judge or his designee shall determine whether the certificate, as answered, contains facts sufficient to establish that the case should be assigned to the Trial Division of the Court of Common Pleas.

If he finds the facts sufficient, he shall mark the certificate approved and order that the defendant be afforded a preliminary hearing at the time and place of the then-scheduled Municipal Court trial. If he finds the averments insufficient, he shall mark the certificate disapproved and the matter will be heard as scheduled in the Municipal Court."

It can be seen from the regulation that all criminal cases within the concurrent jurisdiction of Municipal Court and Common Pleas are initially assigned to Municipal Court, and

can only be reassigned to Common Pleas by certification order of the president judge or his designee. Consequently, the Commonwealth could not have filed the criminal complaint charging appellant with involuntary manslaughter and recklessly endangering another in the Court of Common Pleas.

In addition, the summary offense of disregarding a traffic signal could not have been properly filed initially in the Court of Common Pleas. Although it is true that Section 16(s) of the Schedule to Article V of our Constitution stated that Traffic Court "shall have exclusive jurisdiction" of summary motor vehicle expenses, and that the Traffic Court Act altered this provision by not including the word "exclusive," it does not follow from the deletion of "exclusive" that the Court of Common Pleas had concurrent jurisdiction with Traffic Court of such offenses.[4] In fact, the express provision of the exclusivity of Traffic Court's jurisdiction was partly redundant. Section 16(*o*) of the Schedule to Article V provides:

> "(*o*) The court of common pleas shall have unlimited original jurisdiction in all cases *except those cases assigned by this schedule* to the municipal court and *to the traffic court.* . . . The court of common pleas through the trial division shall also hear and determine appeals from municipal court and traffic court." (Emphasis added.)

4. The Judicial Code, 42 Pa.C.S. § 1302 (1979), which repealed and replaced the Traffic Court Act, reincorporated the use of "exclusive jurisdiction" with respect to summary Vehicle Code offenses:

> "(a) General rule.—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each traffic court shall have jurisdiction of all prosecutions for summary offenses arising under:
> (1) Title 75 (relating to vehicles).
> (2) Any ordinance of any political subdivision enacted pursuant to Title 75.
> (b) Concurrent and exclusive jurisdiction.—*The jurisdiction of a traffic court under this section shall be exclusive* of the courts of common pleas and district justices, except that such jurisdiction shall be concurrent with the district justices whenever the traffic court is closed. . . ." (Emphasis added.)

Consequently, it was unnecessary to expressly state that Traffic Court jurisdiction is exclusive because, when the various statutory and constitutional provisions pertaining to Common Pleas. Municipal, and Traffic Court are read together, Traffic Court's jurisdiction of summary motor vehicle offenses is necessarily exclusive. *Commonwealth v. Meo*, 233 Pa.Super. 483, 334 A.2d 748 (1975) does not contradict this construction as appellant suggests. Although in *Meo* the Commonwealth had filed both summary motor vehicle offenses and misdemeanors arising from the same episode in the Court of Common Pleas, we did not hold that this procedure was appropriate. We held only that appellant had waived his right to attack the erroneous joinder and filing of these offenses by failing to object in the court below, especially since appellant failed to demonstrate any prejudice as a result of the joinder.[5] See generally, 10 P.L.E., *Courts* § 22 (1970). See also *Commonwealth v. Williams*, 230 Pa.Super. 344, 326 A.2d 902 (1974). Cf. *Papencordt v. Masterwork Paint Co.*, 412 Pa. 508, 511–12, 194 A.2d 878 (1963).

■ Lastly, it is true we noted in a footnote in *Commonwealth v. Splain*, 242 Pa.Super. 503, 509 n. 11, 364 A.2d 384, 387 n.11 (1976), that a Comment to Pa.R.Crim.P. 59 provides: "If one or more of the charges is a misdemeanor or felony, even if a lesser offense is also charged in the same complaint, the case shall proceed as a court case under Chapter 100 of these Rules." However, dictum in a footnote reciting a comment to the Rules of Criminal Procedure is not sufficient to override the clear division of jurisdiction of the various courts of Philadelphia County contained in the Schedule to the Judiciary Article of our Constitution and various, subsequent statutes. The fact of the matter is, in the instant case, there was no single court in which the Commonwealth could have filed both the summary and misdemeanor charges. That being the case, Section 110 of the Crimes Code did not bar appellant's being tried in

5. The Minor Judiciary Court Appeals Act, Act of December 2, 1968, P.L. 1137, No. 355, provided for appeals and trials de novo in the Court of Common Pleas following convictions for summary offenses.

Municipal Court for involuntary manslaughter and recklessly endangering another, after the summary offense was dismissed by Traffic Court. As we stated in *Commonwealth v. Erisman*, 247 Pa.Super. 476, 372 A.2d 925, 927 (1977): "The short answer to appellant's dilemma, however, is that section 110 does not bar all double prosecutions but only those within its terms."[6]

Order affirmed.

**6.** Although *Erisman* intimated that the procedure employed in this case might run afoul of Section 110, *Erisman* was a Lancaster County case not set against the peculiar background of the Philadelphia jurisdictional scheme.