J-E03001-20

2021 PA Super 208

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAIYCHELLE ATKINSON | : | |
| | : | |
| Appellant | : | No. 1562 EDA 2016 |

Appeal from the Order August 3, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0001158-2013

BEFORE: PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., OLSON, J., STABILE, J., NICHOLS, J., McLAUGHLIN, J., and KING, J.

OPINION BY LAZARUS, J.:                     **FILED OCTOBER 19, 2021**

Daiychelle Atkinson appeals from the trial court's order denying her motion to dismiss[1] based on the compulsory joinder principles of section 110 of the Crimes Code. **See** 18 Pa.C.S. § 110. This matter has been remanded for a second time[2] from the Supreme Court of Pennsylvania—which granted

---

[1] We note that because "the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is . . . subject to immediate appeal." **Commonwealth v. Barber**, 940 A.2d 369, 376 (Pa. Super. 2007) (citations omitted).

[2] On June 27, 2019, the Supreme Court granted Atkinson's petition for permission to appeal, vacated this Court's prior memorandum decision in **Commonwealth v. Atkinson**, No. 1562 EDA 2016 (unpublished memorandum decision) (filed Sept. 29, 2017), and remanded the matter for consideration "in light of [its] decision in **Commonwealth v. Perfetto**, [207 A.3d 812 (Pa. 2019)]." **See infra** at 10.

Atkinson's petition for allowance of appeal and vacated our prior decision[3]—instructing us to reconsider the case "in light of **Commonwealth v. Johnson**, [247] A.3d [981] (Pa. filed Mar. 25, 2021)."[4]  Because at the time Atkinson was found guilty of her summary traffic violation in the now-eliminated *sui generis* Traffic Court of Philadelphia, it was statutorily impossible for the Commonwealth to consolidate both of Atkinson's offenses for prosecution, we find that compulsory joinder principles do not apply to the instant matter, and, therefore, affirm.[5]

Before recounting the specific factual and procedural history of Atkinson's case, a brief primer on the establishment and purpose of the Traffic Court of Philadelphia, where Atkinson's summary offense was prosecuted, is necessary to set the stage for this appeal.  In 1968, the Philadelphia Traffic Court was authorized and established under Article V, §§ 1 and 6(c) of the Pennsylvania Constitution and 42 Pa.C.S. §§ 301, 1321 of the Judicial Code.[6]

---

[3] **Commonwealth v. Atkinson**, 245 A.3d 1140 (Pa. Super. 2021) (en banc).

[4] Per Curiam Order, 91 EAL 2021, 3/25/21.

[5] This case brings to mind a familiar quote from one of the great works of American theater, *Fiddler on the Roof* —"A bird may love a fish but where would they build a home together?"

[6] At the time Atkinson was adjudicated for her summary offense, the Municipal Court and Traffic Court of Philadelphia were designated as separate "Minor Courts" in this Commonwealth.  **See** Act 1997-2 (S.B. 178), P.L. 3, § 1, approved Feb. 14, 1997, eff. Jan. 5, 1998 (former section 1121 designating Philadelphia Municipal Court and former section 1321 designating Traffic Court of Philadelphia).  The Philadelphia Municipal Court was its own entity
*(Footnote Continued Next Page)*

The Philadelphia Traffic Court was granted **exclusive** jurisdiction over all prosecutions for summary offenses arising under the Pennsylvania Vehicle Code (VC)[7] and any related City Ordinance committed within the limits of the City. Neither the Criminal Trial Division of the Philadelphia Municipal Court nor the Philadelphia Court of Common Pleas had jurisdiction to try summary VC offenses. *See* 42 Pa.C.S. § 1123(a)(1) (Municipal Court had jurisdiction over "[s]ummary offenses, **except for those within the jurisdiction of the Traffic Court of Philadelphia**") (emphasis added); *see also id.* at § 1302(b) ("The jurisdiction of a traffic court . . . **shall be exclusive of the courts of common pleas**[.]") (emphasis added).

The Traffic Court was comprised of six publicly-elected judges who served six-year terms.[8] The president judge of the Traffic Court was appointed by the governor and was responsible for the administration of the court's activities. The court's primary function was to adjudicate all traffic violations, with an ancillary function of collecting and remitting to the City and State all fines and costs resulting from adjudicating those violations.

On June 19, 2013, the Traffic Court of Philadelphia was effectively abolished when the General Assembly restructured the Philadelphia Municipal

---

(Subchapter B under Chapter 11 of Article D of Subpart A of Part II of Title 42), while the Traffic Court of Philadelphia was its own entity under Subchapter B of Chapter 13, Traffic Courts.

[7] *See* 75 Pa.C.S. § 101, *et seq*.

[8] *See* https://www.phila.gov/phils/Docs/Inventor/graphics/agencies/A029 (last visited 9/16/21).

Court, creating two administrative sections, the General Division and the Traffic Division. **See** Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013). Thereafter, all Traffic Court responsibilities were transferred to the Municipal Court. **See** Pa. Const. Art. V, § 6(c) ("In the City of Philadelphia[,] there shall be a municipal court. The number of judges and the jurisdiction shall be as provided by law."). The restructuring transferred jurisdiction of all Vehicle Code moving violations to the Municipal Court's new Traffic Division, which was overseen by the trial court's administrative judge for reforming the operations of the former traffic court. On April 26, 2016, the Pennsylvania Constitution was amended to fully eliminate the Philadelphia Traffic Court.[9]

Like the Traffic Court, the newly-established Traffic Division of the Municipal Court also has jurisdiction over prosecutions for VC summary offenses and ordinances. **See** 42 Pa.C.S. § 1123(a)(9). However, unlike the Municipal Court that existed before the 2013 restructuring, the General Division of the Municipal Court exercises "full jurisdiction over of the [M]unicipal [C]ourt under section 1123(a)[,]" which includes those summary

_____

[9] In September 2011, FBI agents began an investigation, raiding the homes and offices of several traffic court officials, and prompting then- Pennsylvania Supreme Court Chief Justice Ronald D. Castille to hire a consulting firm to launch a probe. Ultimately, the firm reported that several traffic court judges were complicit with systematic special treatment for the politically connected, leading to tickets being "fixed." Governor Tom Corbett signed Senate Bill 334, eliminating Philadelphia's Traffic Court, into law in June of 2013, acknowledging that "the only way to end the pervasive corruption in the Traffic Court was to abolish it." https://www.prisonlegalnews.org/news/2015/apr/8/philadelphia-traffic-court-abolished-seven-judges-convicted/ (last visited 9/15/21).

offenses under the jurisdiction of the Traffic Division.[10] Therefore, while the Traffic Division's jurisdiction is **limited** to those offenses outlined in section 1123(a)(9), the prosecution of those offenses is not **exclusive** to that division, as they are able to be prosecuted in the General Division of the Municipal Court. Additionally, the jurisdiction of the Municipal Court is "concurrent with the Court of Common Pleas of Philadelphia County, except with respect to matters specified in subsection (a)(2)."[11] **See id**. at § 1132(a)(2). Therefore, the Court of Common Pleas of Philadelphia County also has jurisdiction to hear those summary offenses that are within the limited jurisdiction of the Traffic Division.

Having set the stage with a general understanding of the court system in Philadelphia before and after its June 2013 restructuring, we may now turn to the relevant facts underlying Atkinson's appeal.

On January 8, 2013, Atkinson was arrested and charged with driving under the influence (DUI), 75 Pa.C.S. § 3802(a)(1), as well as a violation of the VC for disregarding a traffic device, 75 Pa.C.S. § 3111(a). On March 13, 2013, Atkinson was found guilty in the now-eliminated Traffic Court of Philadelphia of the offense of disregarding a traffic device. No appeal was filed. The Commonwealth continued its prosecution of the DUI offense in the

---

[10] **See Perfetto**, 207 A.3d at 823; **Johnson**, 247 A.3d at 987 n.9.

[11] Subsection 1123(a)(2) includes criminal offenses punishable by a term of imprisonment of no more than five years. **See** 42 Pa.C.S. § 1123(a)(2).

Criminal Trial Division of the Philadelphia Municipal Court. On August 3, 2015, Atkinson filed a motion to dismiss the DUI offense, in the Municipal Court, pursuant to section 110, the compulsory joinder statute. The Municipal Court denied Atkinson's motion to dismiss.

Atkinson filed an interlocutory appeal from that order to the Philadelphia Court of Common Pleas by means of a petition for writ of *certiorari*. On October 23, 2015, the trial court denied the petition, affirming the Municipal Court's denial of Atkinson's motion to dismiss after concluding that section 110 was inapplicable to the case because, at the time Atkinson's traffic citation was issued, no single court had jurisdiction over both the citation and the DUI charge. On November 23, 2015, Atkinson filed a timely notice of appeal to this Court. On September 29, 2017, our Court affirmed the trial court's order denying Atkinson's motion to dismiss. On June 27, 2019, the Pennsylvania Supreme Court granted Atkinson's petition for allowance of appeal, vacated our September 29, 2017 unpublished memorandum and order, and remanded the matter to be considered in light of **Perfetto**, **supra**.[12] **See supra**, at n.2.

_____

[12] In **Perfetto**, the defendant was cited for a summary offense and also charged with three counts of DUI on July 3, 2014. **Perfetto**, 207 A.3d at 815. A hearing officer in the Traffic Division of the Philadelphia Municipal Court found the defendant guilty of the summary offense on September 4, 2014. **Id.** After a preliminary hearing, the defendant's DUI charges were bound over for trial. **Id.** Defendant filed a motion to dismiss, invoking subsection 110(1)(ii)—the compulsory joinder statute. **Id.** The trial court granted the motion and dismissed the defendant's DUI charges. **Id.** The Commonwealth appealed and a divided en banc panel of our Court reversed the trial court, concluding that the defendant's summary traffic offense could only be tried in
*(Footnote Continued Next Page)*

J-E03001-20

On remand, a three-judge panel of this Court again affirmed the trial court's order denying Atkinson's section 110 motion. *See Commonwealth v. Atkinson*, 178 A.3d 206 (Pa. Super. filed Sept. 4, 2019) (unpublished memorandum decision). However, that panel decision was later withdrawn after our Court granted en banc reargument on November 15, 2019. The parties filed new briefs. On reargument, our full Court unanimously affirmed the trial court's order denying Atkinson's motion to dismiss the DUI prosecution, noting that "unlike *Perfetto*, at the time Atkinson was prosecuted and found guilty of her summary offense, neither the Traffic Division nor the General Division of the Municipal Court existed," as the former Philadelphia Traffic Court was a separate entity to Municipal Court. *Commonwealth v. Atkinson*, 245 A.3d 1140 (Pa. Super. filed Feb. 8, 2021) (en banc).

---

the Traffic Division of the Municipal Court and, thus, the defendant's subsequent prosecution for his DUI charges did not run afoul of the compulsory joinder rule. *See Commonwealth v. Perfetto*, 169 A.3d 1114 (Pa. Super. 2017) (en banc). The defendant filed a petition for allowance of appeal, which our Supreme Court granted. On appeal, the Supreme Court reversed our Court's en banc decision, noting that while the Traffic Division of the Philadelphia Municipal Court has limited jurisdiction to "consider only summary traffic offenses," the General Division of the Municipal Court "clearly and unambiguously . . . has jurisdiction to adjudicate any matter that is properly before [it, including both summary and misdemeanor offenses]." *Perfetto*, 207 A.3d at 823. Thus, the Court concluded that "a straightforward application of the plain language of [s]ubsection 110(1)(ii) of the compulsory joinder statute **to the circumstances presented in this appeal** makes clear that the Commonwealth is precluded from prosecuting the [Appellant] for his DUI charges." *Id.* at 822. (emphasis added).

- 7 -

On March 10, 2021, Atkinson filed a petition for allowance of appeal in the Pennsylvania Supreme Court asserting that this Court's en banc decision misapplied section 112 of the compulsory joinder rule, such that it conflicts with one of its own prior published decisions, as well as a holding from the Supreme Court. On April 23, 2021, the Supreme Court granted Atkinson's petition, vacated our Court's en banc decision, and remanded the case to this Court "for reconsideration in light of **Commonwealth v. Johnson**, [247] A.3d [981] (Pa. [] 2021)." Order, 4/23/21. We ordered the parties to re-brief the issue on remand.[13] On July 30, 2021, the parties agreed to have the matter submitted on briefs. **See** Per Curiam Order, 7/30/21.

On appeal, Atkinson claims that section 110(1)(ii) of the compulsory joinder rule "mandates dismissal [of her DUI charge] where all four criteria

---

[13] Specifically, we directed the parties to:

> [A]ddress the issue of whether Appellant's DUI offense should be dismissed, due to the Commonwealth's failure to bring all charges within a single proceeding pursuant to 18 Pa.C.S. [§§] 110 and 112(1), where at the time Appellant was charged and convicted of the summary offense of disregarding a traffic device in the now-eliminated **Traffic Court of Philadelphia**, the General Assembly had not yet created either the **Traffic Division of the Municipal Court** or the **General Division of the Municipal Court**. **See** 42 Pa.C.S. § 1123(a)(1) (effective January 24, 2011 to June 18, 2013) (Municipal Court had jurisdiction over "[s]ummary offenses, **except those within the jurisdiction of the Traffic Court of Philadelphia**") and [**id.**] at § 1302 (effective January 31, 2005 to June 18, 2013[,] Traffic Court's jurisdiction did not extend to trial of either misdemeanor or felony offenses).

Per Curiam Order, 5/28/21 (emphasis in original).

are met[,] even in cases where no single court has jurisdiction over both offenses." Appellant's Brief After Remand, at 8. Atkinson also asserts that "[t]he statutorily enumerated exceptions to [s]ection 110 (codified at [section] 112) do not apply to this case," *id.*, where the former prosecution (summary traffic offense) was before a court (the then-extant Traffic Court of Philadelphia) which properly had jurisdiction over summary traffic offenses. *Id.* at 17.

Our standard of review of issues concerning the compulsory joinder statute, 18 Pa.C.S. § 110, is plenary. **Commonwealth v. Reid**, 35 A.3d 773, 776 (Pa. Super. 2012). In **Perfetto**, **supra**, our Supreme Court recounted the history of section 110, noting:

> This Court first announced the compulsory joinder rule in **Commonwealth v. Campana**, [] 304 A.3d 432 (Pa. 1973), *vacated*[,] 414 U.S. 808 [] (1973), *on remand*, [] 314 A.2d 854 (Pa. 1974). In short, the **Campana** Court held that "the Double Jeopardy Clause **requires a prosecutor to bring, in a single proceeding, all known charges** against a defendant arising from a 'single criminal episode.'" **Campana**, 304 A.2d at 441 (footnote omitted).
>
> The Legislature subsequently codified this rule in the Crimes Code at 18 Pa.C.S. § 110.

**Perfetto**, 207 A.3d at 814 (emphasis added). It is well-established that the rule of compulsory joinder

> was intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. The new approach was to thus serve both individual and societal interests. **The rule was not intended to intrude**

**upon situations where there is legitimate reason for separate disposition.**

*Commonwealth v. Tarver*, 357 A.2d 539, 542 (Pa. 1976) (citations omitted; emphasis added). *See also Commonwealth v. Fithian*, 961 A.2d 66, 75-76 (Pa. 2008).

The compulsory joinder statute, section 110, states, in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1)    The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

*    *    *

(ii)    any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (as amended 2002). However, pursuant to 18 Pa.C.S. § 112(1), a "prosecution is not a bar within the meaning of section 109 of this title . . . through section 111 of this title . . . [if t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1).[14]

---

[14] In 2002, the legislature amended section 110(1)(ii) to remove the statute's prior language "within the jurisdiction of a single court" and replaced it with "occurred within the same judicial district as the former prosecution." *See* Act of June 28, 2002, P.L. 481, No. 81, §1. In *Commonwealth v. Fithian*,
*(Footnote Continued Next Page)*

The Supreme Court has directed us to reconsider Atkinson's appeal in light of its recent decision, **Commonwealth v. Johnson**, 247 A.3d 981 (Pa. 2021). In **Johnson**, our Supreme Court held that the phrase "the offense" in

---

961 A.2d 66 (Pa. 2008), our Supreme Court squarely addressed the legislature's intent in amending the language of section 110(1)(ii), stating:

> Focusing on the specific phrase at issue[,] . . . it is apparent that the purpose of this language is to place some boundaries on the breadth of the offenses subject to compulsory joinder, that is, only those occurring "within the same judicial district" as a former prosecution. Indeed, the structure of the compulsory joinder statute precludes certain prosecutions only if they satisfy this requirement, as well as the other requirements, of [s]ection 110(1)(ii).

961 A.2d at 76. In coming to this conclusion, the Court noted that historically, "the Superior Court consistently interpreted th[e pre-amendment] language[, "'all charges were within the jurisdiction of a single court,'"] as meaning the charges that required joinder were circumscribed by county territorial boundaries." **Id.** The Court cites examples of such instances where the pre-2002 language was applied in exactly that manner. **See Commonwealth v. Cromwell**, 478 A.2d 813 (Pa. Super. 1984) (burglaries committed in Somerset and Bedford Counties, that were part of same criminal episode, need not be consolidated for trial in Somerset County); **Commonwealth v. Nichelson**, 440 A.2d 545 (Pa. Super. 1982) (offenses occurring in Chester County not barred from prosecution by prior convictions in Philadelphia County); **Commonwealth v. Harris**, 418 A.2d 589 (Pa. Super. 1980) (prosecution in Montgomery County not barred by prior convictions in Philadelphia County). The **Fithian** Court noted because "the courts of common pleas enjoy jurisdiction all over the Commonwealth – that is, the subject matter jurisdiction of the courts of common pleas is general and not limited to the territory of the county where the court sits[, a]s a practical matter, the Court's interpretation . . . led to the 'jurisdiction' prong of [s]ection 110(1)(ii) being met in every case." Thus, the [l]egislature's amendment of section 110(1)(ii) was "clear[ly] . . . intended to incorporate, or perhaps re-incorporate, a geographic component in determining which offenses are precluded because of a former prosecution. That is, the legislature intended the compulsory joinder statute be limited to mandating joinder only of those offenses occurring in a single judicial district." **Id.** at 76-77.

- 11 -

section 112(1) means the offense that was the subject of the initial prosecution resulting in a conviction or acquittal, not the offense that the Commonwealth subsequently seeks to prosecute. *Id.* In that case, the defendant was charged in 2015 with the summary offense of driving with a suspended license, as well as possession with the intent to deliver heroin (PWID) and knowing and intentional possession of heroin (K&I). *Id.* at 982. Johnson was found guilty, *in absentia*, of the summary traffic offense in the Traffic Division of the Municipal Court of Philadelphia. *Id.* Subsequent to that determination, Johnson filed a motion to dismiss contending that, pursuant to the compulsory joinder rule, the prosecution was required to try all of the offenses simultaneously. *Id.*

On interlocutory appeal, the Commonwealth conceded that the K&I offense fell within the Municipal Court's jurisdiction, and, thus, it was foreclosed from pursuing that charge based upon the holding of *Perfetto*. *Id.* However, the Commonwealth contended that the PWID charge remained viable for prosecution because the Municipal Court lacked jurisdiction over that offense and, under section 112(1), it was not compelled to join that offense with the summary offense. *Id.* at 982-83. Specifically, the Commonwealth argued that "the offense" language in section 112(1) "concerns the crime or crimes for which the government is seeking subsequent convictions." *Id.* at 983. The Superior Court agreed with the Commonwealth, holding that for purposes of section 112(1), "the offense" referred to Johnson's PWID charge,

and thus, prosecution on that crime could proceed. *Id.* at 989. *See Commonwealth v. Johnson*, 221 A.3d 217 (Pa. Super. 2019).

The Supreme Court granted Johnson's petition for allowance of appeal to review our Court's interpretation of section 112(1), an exception to the compulsory joinder rule. Discussing the evolution of case law with regard to application of the compulsory joinder rule, the Court noted that the rule was mandated under the Court's "supervisory powers," *id.* 247 A.3d at 983, that the statutory scheme of compulsory joinder was derived from principles of the Model Penal Code, *id.*, and that the Justices' "intent was generally to require summary and greater offenses arising out of single criminal episodes to be consolidated in the common pleas courts." *Id.* at 984. Ultimately, the *Johnson* Court held that the Commonwealth was to "generally assure **that known offenses are consolidated at the common pleas level, when they arise out of a single criminal episode and occur in the same judicial district**." *Id.* at 987 (emphasis added).

The *Johnson* Court noted that although the defendant's greater offense (PWID) could not be tried in the first court where Johnson's summary was tried (the Traffic Division of the Municipal Court of Philadelphia), it could have been consolidated with the summary offense in the court of common pleas. Specifically, because the Municipal Court lacked jurisdiction over Johnson's PWID offense, where that court's jurisdiction is capped at criminal offenses punishable by imprisonment by a term of not more than five years, *see* 42 Pa.C.S. § 1123(a)(2), the Commonwealth could have prosecuted the charges

(summary and PWID) against Johnson in a "single proceeding" within the same judicial district, in the common pleas court which had "unlimited original jurisdiction in all cases except as may otherwise be provided by law." Pa. Const., art. V, § 5(b)).

For the reasons that follow, we conclude that the principles of compulsory joinder, as espoused in section 110 and the holdings of *Johnson* and *Perfetto*, are inapplicable to the facts of the instant case, and, thus, the Commonwealth is not prevented from proceeding with prosecution of Atkinson's DUI offense.

In *Johnson*, our Supreme Court held that "the Commonwealth must generally assure that **known offenses are consolidated at the common pleas level**, when they arise out of single criminal episode and occur in the same judicial district." *Id.*, 247 A.3d at 987 (emphasis added).[15] Similarly, in *Perfetto*, the Court concluded that the Commonwealth was precluded from

---

[15] In a recent per curiam order, the Supreme Court specifically stated that *Johnson* held "that the Commonwealth must generally assure that known offenses are consolidated at the common pleas level, when they arise out of single criminal episode and occur in the same judicial district." *Commonwealth v. Tinsley*, 253 A.3d 225 (per curiam order) (Pa. filed May 13, 2021). Interestingly, in that same order, the Supreme Court not only granted the defendant's petition for allowance of appeal and vacated our Court's order affirming the trial court's order denying the defendant's motion to dismiss based on section 110, but it also remanded the matter to the Superior Court for remand to trial court "with instructions to grant Petitioner's motion to dismiss the pending firearms charges[.]" *Id.* This is the first time that the Supreme Court has directed that charges be dismissed, on remand, pursuant to section 110, following its decision in *Johnson*. The *Tinsley* order also was handed down almost one month *after* the Court's per curiam remand order in the instant case.

prosecuting the defendant for his pending DUI charges under section 110(1)(ii), where all of the defendant's offenses could have been adjudicated in the General Division of the Municipal Court. *Perfetto*, 207 A.3d at 823. Unlike those cases, consolidation of Atkinson's offenses (summary and DUI) in **any** Philadelphia court was simply impossible at the time she was tried for her VC violation.

In March 2013, when Atkinson was prosecuted and found guilty of her summary offense, neither the Traffic Division nor the General Division of the Municipal Court existed. *Cf. Johnson*, *supra*; *Perfetto*, *supra*. Indeed, at the time she was tried for her VC violation, the Traffic Court had **exclusive** jurisdiction over summary VC violations and Atkinson's VC offense could not be tried in either of the other two courts—the Philadelphia Municipal Court or the Philadelphia Court of Common Pleas. *See* 42 Pa.C.S. § 1302 (effective Jan. 31, 2005 to June 18, 2013, Traffic Court's jurisdiction **did not extend** to either misdemeanor or felony offenses) (emphasis added); *see also id.* at § 1123(a)(1) (effective Jan. 24, 2001 to June 18, 2013, Municipal Court had jurisdiction over "[s]ummary offenses, **except those within the jurisdiction of the Traffic Court of Philadelphia**") (emphasis added); *see also id.* at § 1302(b) ("The jurisdiction of a traffic court . . . **shall be exclusive of the courts of common pleas**[.]") (emphasis added). In other words, there was no other court in which Atkinson's summary traffic offense could have been brought and joined with her DUI. *Compare Johnson*, *supra* at 987 n.9 (suggesting that summary traffic offenses and other crimes "over

which the Municipal Court has jurisdiction," such as in **Perfetto**, could be consolidated in General Division of Municipal Court) with **Commonwealth v. Masterson**, 418 A.2d 664, 666 (Pa. Super. 1980) (where "no one court in Philadelphia initially had jurisdiction over both classes of defendant's crimes"— summary traffic violation and misdemeanors—"separate prosecution for these offenses d[oes] not violate [the defendant's] statutory right to compulsory joinder under [s]ection 110 of the Crimes Code") [16]

---

[16] We recognize that unlike the instant case, **Masterson** was decided prior to the 2002 amendment to section 110(1)(ii), when the statute still included the language "was within the jurisdiction of a single court."  Despite this factual distinction, which admittedly is significant when analyzing cases that implicate the compulsory joinder rule, the **Masterson** Court's analysis involved a detailed discussion of "the Pennsylvania Constitution, the relevant statutes, [and] scant case law on the point," **id.** at 666, in arriving at its conclusion that "separate prosecutions for the[] offenses did not violate appellant's statutory right to compulsory joinder of the offenses under section 110 of the Crimes Code." **Id.**  Significantly, the **Masterson** Court, citing to statutes and the Pennsylvania Constitution, recognized that "**the Philadelphia Traffic Court could not have tried appellant for both the summary offense and the misdemeanors** . . . **and appellant could not have been tried on both offenses in Municipal Court**[.]" **Id.**  (emphasis added).  **See also id.** at 666-67 ("Traffic Court does not have jurisdiction over crimes other than summary offenses" and "Municipal Court does not have jurisdiction of summary offenses").  Moreover, further reference to the Judicial Code and our state constitution led the Court to conclude that the appellant's "summary offense . . . could not have been filed initially in the Court of Common Pleas." **Id.** at 668.  Finally, the Court definitively stated that "**when the various statutory and constitutional provisions pertaining to Common Pleas[,] Municipal, and Traffic Court are read together, Traffic Court's jurisdiction of summary motor vehicle offenses is necessarily exclusive**." **Id.** at 669 (emphasis added).

Here, the difference between **limited** jurisdiction (like that of the Traffic Division of the Municipal Court) and **exclusive** jurisdiction[17] (like that of the Philadelphia Traffic Court) over summary traffic offenses is critical to the disposition of the instant case. Although in **Johnson**, **Perfetto**, and the current case, the courts that tried the defendants on their summary traffic violations lacked jurisdiction over the remaining greater offenses (PWID and DUI, respectively), this fact alone is not dispositive of whether the compulsory joinder rule applies. Rather, the fact that Johnson's and Perfetto's summary VC violations **could have been joined**, respectively, **in the common pleas court** (with the PWID charge) **and the General Division of the Municipal Court** (with the DUI offenses) is what drives the decision to apply compulsory joinder principles to those cases. Here, the Pennsylvania Constitution and Judicial Code prohibited Atkinson's summary VC offense from being brought and **tried in any other court** other than the then-extant Philadelphia Traffic Court. **See** Pa. Const. Art. V, §§ 1, 6(c) (as amended in 1968); 42 Pa.C.S. § 1302. Thus, this case is not subject to compulsory joinder for the simple fact that the charges are incapable of being joined due to the jurisdictional

---

[17] Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. **Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003) (citation omitted). Jurisdiction is a matter of substantive law. **Id.**

exclusivity of the Traffic Court.[18]  *See Masterson*, *supra* at 669 (noting because clear division of jurisdiction of various courts of Philadelphia County contained in state's constitution and statutes prevented Commonwealth from filing both summary and misdemeanor charges in single court, section 110 did not bar subsequent prosecution for misdemeanor charges following acquittal for summary offense).

The unintended consequence of applying section 110 to facts like those present in the instant case, where the offenses are incapable of joinder, would be to require the Commonwealth to choose between which offense to prosecute (summary or misdemeanor/felony) in a given case.[19]  This is clearly not the intended result of the compulsory joinder rule or the Supreme Court's

---

[18] The very term "compulsory joinder" implies compelling the prosecution to join offenses.  Logically, if offenses are not able to be joined, then the Commonwealth cannot be compelled to do something it is incapable of doing.  *See* 1 Pa.C.S. § 1922(1) (Presumptions in ascertaining legislative intent— "[T]he General Assembly does not intend a result that is absurd, impossible of execution[,] or unreasonable.").

[19] This fact, however, is not the reason that drives our decision today.  We fully understand the rationale for dismissing subsequent charge(s) when the Commonwealth could "**bring, in a single proceeding, all known charges against a defendant**[.]"  *Perfetto*, 207 A.3d at 814, citing *Campana*, 304 A.2d at 441 (emphasis added).  In the former situation, the Commonwealth has **no ability to join** the offenses.  In the latter scenario, where the Commonwealth **has the ability to join** the offenses, but either intentionally or mistakenly fails to do so, it should be precluded from prosecuting the subsequent offense, no matter how serious.  *Cf. Johnson*, *supra* at 989 (Baer, J., dissenting).

holdings in **Johnson** or **Perfetto**.[20]  Therefore, where our state constitution and statutes in effect at the time Atkinson was adjudicated prohibited the Commonwealth from bringing her summary traffic offense in any court other than the Traffic Court and, thus, made joinder of her offenses an impossibility, the compulsory joinder rule is simply not implicated.[21]  Joinder cannot be

---

[20] In **Perfetto**, the Supreme Court was careful to limit its holding, stating that based on "**the circumstances presented in this appeal**" and using "a straightforward application of the statutes **that directly apply to this case**, particularly 18 Pa.C.S. § 110(1)(ii)," the Commonwealth was precluded from prosecuting the defendant on his DUI charges.  207 A.3d at 822, 824 (emphasis added).  Thus, while the Court acknowledged that "[s]ubsection 110(1)(ii) of the compulsory joinder statute **clearly and unambiguously contains four primary elements**, which, if met, preclude a prosecution due to a former prosecution, it focused specifically on "**the facts of this case**" to see whether the four prongs were met.  **Id.** at 821 (emphasis added).

[21] This case falls within a narrow group of cases that are controlled by neither **Perfetto** nor **Johnson**—where defendants are charged and found guilty of summary vehicle code offenses in the Traffic Court of Philadelphia, prior to the June 2013 restructuring of the Municipal Court, where other charges (misdemeanor or felony) arising from the same criminal episode could not have been brought in the Traffic Court, and where the traffic offense could not have been bought in any other court in Philadelphia or even the Commonwealth.  In such cases, there is no risk that the Commonwealth could "engage in a type of forum shopping by allowing [it] to pick and choose whether it wants to adjudicate all of a Philadelphia defendant's charges in one forum with jurisdiction over all of the defendant's charges . . . or split the charges and adjudicate a summary offense first . . . and the remainder of the charges later in another forum." **Perfetto**, 207 A.3d at 822, n.7.  Here, the creation and jurisdiction of the courts, as prescribed by the state constitution and Judicial Code, removed any prosecutorial discretion that the Commonwealth would have had with regard to where it could try Atkinson's summary offense and DUI.

compulsory where it is unachievable.[22] ***Masterson***, ***supra*** at 669 ("The short answer to appellant's dilemma, however, is that section 110 does not bar all double prosecutions but only those within its terms.") (citation omitted).

Accordingly, we conclude that the Commonwealth properly initiated prosecution for Atkinson's summary VC offense in the only court it could, the Traffic Court of Philadelphia, where it had no ability to join the charged offenses so that they could proceed in one prosecution. ***See Commonwealth v. Gimbara***, 835 A.2d 371 (Pa. Super. 2003) (purpose of section 110 is to protect defendants from harassment by multiple prosecutions and statute may not be used to shield defendant from properly initiated prosecutions). Here, where section 1302(b) required the Commonwealth to bring only summary traffic offenses in the Traffic Court and nowhere else, and where the remaining courts, the Municipal Court and Common Pleas Courts of Philadelphia, lacked jurisdiction over the summary traffic offense, it had no prosecutorial discretion to join her offenses and the failure to do so was not discretionary; thus, neither ***Johnson***, ***Perfetto***, nor the compulsory joinder rules apply to mandate

---

[22] Our decision neither holds that "summary traffic offenses are not, as a rule, subject to the compulsory joinder statute," ***Id.***, 207 A.3d at 824, nor suggests that disposing of summary traffic offenses prior to misdemeanor or felonies "does not present the type of governmental harassment . . . that would offend double jeopardy concerns encapsulated in the compulsory joinder statute." ***Id.*** at 823-24. Rather, under facts such as in ***Johnson*** and ***Perfetto***, where the Commonwealth **could** join such offenses, section 110 is implicated and serves its intended purposes.

dismissal.[23]   Our decision today does not run afoul of the Supreme Court's holding in **Perfetto**, **Johnson**, or the compulsory joinder rule, where there was a legitimate reason for separate disposition of Atkinson's offenses. **Tarver**, **supra**.   Thus, the trial court properly denied Atkinson's motion to dismiss.  **Reid**, **supra**.

Order affirmed.

President Judge Panella, President Judge Emeritus Bender, Judge Stabile, Judge Nichols, Judge McLaughlin and Judge King join this Opinion.

Judge Olson files a Dissenting Opinion in which Judge Bowes joins.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2021

---

[23] While the jurisdictional language was removed from section 110 and is no longer an element of compulsory joinder, this does not change our result today where joinder cannot be compelled under these facts.  Thus, we need not even analyze the four factors found in section 110.   Additionally, where the principles of compulsory joinder are not invoked, we need not look to section 112 to determine whether an exception to the rule exists.  Finally, a close reading of **Fithian**, **supra**, which squarely addressed the legislature's intent behind the amendment to section 110(1)(ii), makes it evident that the statutory language was changed to no longer prevent successive prosecutions in a multi-district scenario, not to apply section 110 to a case where a court has exclusive jurisdiction over one offense and the Commonwealth is incapable of trying all offenses together in a common court.  **See supra** at n.14.