J-E03001-20

2021 PA Super 208

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAIYCHELLE ATKINSON | : | |
| | : | |
| Appellant | : | No. 1562 EDA 2016 |

Appeal from the Order Entered August 3, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0001158-2013

BEFORE:  PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., OLSON,
J., STABILE, J., NICHOLS, J., McLAUGHLIN, J., and KING, J.

DISSENTING OPINION BY OLSON, J.:          **FILED OCTOBER 19, 2021**

I believe that the law is now clear that Appellant, Daiychelle Atkinson,

cannot be prosecuted for driving under the influence ("DUI"), as 18 Pa.C.S.A.

§ 110(1)(ii) plainly and unmistakably applies to the facts of this case and no

statute provides an exception for Section 110(1)(ii)'s prosecutorial bar.  With

respect, the Majority's statute-free analysis simply cannot withstand scrutiny

when confronted with the clear and unambiguous language of Section

110(1)(ii).  **See** Majority Opinion, at *21 n.23 (declaring: "we need not even

analyze the four factors found in section 110").  Thus, I respectfully dissent.

In relevant part, Section 110 of the Crimes Code declares:

> Although a prosecution is for a violation of a different
> provision of the statutes than a former prosecution or is
> based on different facts, it is barred by such former
> prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title . . . and the subsequent prosecution is for:

. . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense.

18 Pa.C.S.A. § 110(1)(ii).

In **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019), the Pennsylvania Supreme Court held:

Subsection 110(1)(ii) of the compulsory joinder statute **clearly and unambiguously contains four primary elements, which, if met, preclude a prosecution due to a former prosecution for a different offense**:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

**Perfetto**, 207 A.3d at 821 (quotations and citations omitted) (emphasis added).

Applying Section 110(1)(ii) to the case at bar, it is uncontradicted that all four elements of the statute have been met. Certainly: 1) Appellant's former prosecution for disregarding a traffic device resulted in a conviction; 2) the current prosecution for DUI arose from the same criminal episode as Appellant's former prosecution (both charges arose out of a single traffic stop); 3) the prosecutor was aware of Appellant's DUI charge before trial commenced on the summary traffic offense; and, 4) Appellant's DUI offense occurred within "the same judicial district" as her former prosecution, as both occurred within "the First Judicial District, *i.e.*, Philadelphia."[1] **See id.** at 821-822. Thus, to paraphrase **Perfetto**, "a straightforward application of the plain language of Subsection 110(1)(ii) of the compulsory joinder statute to the circumstances presented in this appeal makes clear that the Commonwealth is precluded from prosecuting Appellant for [her] DUI charge[]."[2] **Id.** at 822.

_____

[1] In **Commonwealth v. Fithian**, 961 A.2d 66 (Pa. 2008), the Pennsylvania Supreme Court held that the phrase "judicial district" "means the geographical area established by the General Assembly in which a court of common pleas is located." **Fithian**, 961 A.3d at 75.

[2] Further, no statutory exception applies to avoid Section 110(1)(ii)'s prosecutorial bar. Indeed, the only possible, relevant exception is found in 18 Pa.C.S.A. § 112(1). This section declares:

> A prosecution is not a bar within the meaning of section 109 . . . through section 111 of this title . . . under any of the following circumstances:

*(Footnote Continued Next Page)*

The Majority arrives at a contrary conclusion. Looking to the "intent" and "purpose" of Section 110(1)(ii), the Majority concludes that Section 110(1)(ii) "do[es] not apply" to this case because "at the time [Appellant] was found guilty of her summary traffic violation in the now-eliminated . . . Traffic Court of Philadelphia, it was statutorily impossible for the Commonwealth to consolidate both of [Appellant's] offenses for prosecution." Majority Opinion, at *2. According to the Majority, Section 110 (which is often called the "compulsory joinder rule") simply cannot apply here, as "[j]oinder cannot be compulsory where it is unachievable." *Id.* at 19-20.

The problem with the Majority's analysis lies, first, in the fact that all four elements of Section 110(1)(ii) have unequivocally been met in this case. *See supra* at *3. As our Supreme Court has explained, since all four elements have been met, the "clear[] and unambiguous[]" language of Section

---

> (1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

18 Pa.C.S.A. § 112(1). In ***Commonwealth v. Johnson***, 247 A.3d 981 (Pa. 2021), the Pennsylvania Supreme Court held that the phrase "the offense" in Section 112(1) "means the offense that was the subject of an initial prosecution resulting in a conviction or acquittal." ***Johnson***, 247 A.3d at 987.

Here, in the initial prosecution, Appellant was convicted of the summary traffic offense in the Traffic Court of Philadelphia – and it is uncontradicted that the Traffic Court of Philadelphia had jurisdiction to convict Appellant of the traffic offense. Therefore, in accordance with ***Johnson***, Section 112(1)'s exception does not apply to the case at bar, as Appellant's former prosecution for the summary traffic violation was before a court that possessed jurisdiction over both the defendant and the summary traffic offense.

110(1)(ii) precludes Appellant's DUI prosecution. ***See Perfetto***, 207 A.3d at 821.

Application of the facts to the "clear[] and unambiguous[]" language of the statute should end the analysis in this case and result in the vacation of the trial court's order. Certainly, as our Supreme Court has held, "[w]hen interpreting an unambiguous statute . . . the plain meaning of the statute must control." ***Brown v. Levy***, 73 A.3d 514, 517 (Pa. 2013). The Majority, however, disregards the plain language of the statute and holds that "the compulsory joinder rule is simply not implicated [here]. . . . Joinder cannot be compulsory where it is unachievable." Majority Opinion, at **19-20.

With all due respect, this analysis violates our principles of statutory construction. As our Supreme Court has explained, "basic principles of statutory construction demand that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." ***Brown***, 73 A.3d at 517. By admittedly ignoring the plain language of Section 110(1)(ii) in pursuit of furthering the statute's "intent" and "purpose," the Majority is violating this basic principle of statutory construction. ***See*** Majority Opinion, at *21 n.23 (declaring: "we need not even analyze the four factors found in section 110").

Moreover, and setting aside all of the above concerns, the Majority's analysis might have some surface appeal if Section 110(1)(ii) actually spoke to the joinder of offenses. Then, it might possibly be said that the compulsory joinder rule is not implicated, as "[j]oinder cannot be compulsory where it is

unachievable." **See** Majority Opinion, at *19-20. However, Section 110 does not expressly speak to the "compulsory joinder" of offenses. Indeed, Section 110 is entitled "**[w]hen prosecution barred** by former prosecution for different offense" and the plain language of the statute speaks – not to joinder of offenses – but, rather, to "the circumstances **under which a prosecution is barred** by a previous prosecution for a different offense." 18 Pa.C.S.A. § 110 and cmt. (emphasis added). The language of the statute is, thus, expressly concerned with the bar of prosecution – not with the "compulsory joinder" of offenses. As such, the premise of the Majority's argument cannot withstand scrutiny.

While the Majority declares otherwise, I believe it is clear that the Majority is simply amending Section 110(1)(ii) to add a fifth primary element. Now, according to the Majority, Section 110(1)(ii) must also include the requirement that the former prosecution and the subsequent offense be "within the jurisdiction of a single court." This is error for multiple reasons, not least of which is the fact that, in 2002, the General Assembly amended Section 110(1)(ii) and expressly eliminated the language the Majority now

adds.[3, 4]  Further, it is simply beyond this Court's power to act as a super

legislature and re-write Section 110(1)(ii), just because we find that the

---

[3]  Prior to its 2002 amendment, Subsection 110(1)(ii) "barred the Commonwealth from prosecuting a defendant when: (1) a former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode as the former prosecution; (3) the prosecutor was aware of all of the charges when the former prosecution commenced; and (4) **all of the charges were within the jurisdiction of a single court**." **Perfetto**, 207 A.3d at 814 (emphasis added); **see also** 18 Pa.C.S.A. § 110(1)(ii) (effective to August 26, 2002). Our High Court interpreted the phrase "within the jurisdiction of a single court" to mean "all of the charges relevant to the compulsory joinder analysis must have been capable of adjudication in one court." **Id.**, citing **Commonwealth v. Geyer**, 687 A.2d 815, 817 (Pa. 1996). In light of the amendment to Subsection 110(1)(ii), all charges must no longer be capable of adjudication in one court.

[4] The Majority cites our 1980 opinion in **Commonwealth v. Masterson**, 418 A.2d 664 (Pa. Super. 1980) to support its decision. **See** Majority Opinion, at *16 and n.16. In **Masterson**, the defendant was charged with the misdemeanor offense of involuntary manslaughter and the summary traffic offense of disregarding a traffic signal. The offenses occurred in Philadelphia and they arose out of "the same criminal episode." **Masterson**, 418 A.2d at 167. As is true in the case at bar, the offenses at issue in **Masterson** occurred during the time that the Philadelphia Traffic Court possessed exclusive jurisdiction over prosecutions for summary traffic offenses, but no jurisdiction over misdemeanor charges. As is relevant to the case at bar, the latter charges fell within the jurisdiction of the Philadelphia Municipal Court. **See id.** at 168 and 170.

In **Masterson**, the Philadelphia Traffic Court held a trial on the defendant's summary offense and then discharged the defendant after the police officer testified. **Id.** at 169. On appeal, the defendant argued that "his discharge at a Philadelphia Traffic Court hearing on the charge of disregarding a red light constitutes an acquittal within the meaning of Section 110, so that he may not be prosecuted for the charge of involuntary manslaughter arising from the episode." **Id.** The **Masterson** Court interpreted the prior version of Section 110, which required that the offenses in the former and subsequent prosecution be "within the jurisdiction of a single court." **See Perfetto**, 207

*(Footnote Continued Next Page)*

- 7 -

A.3d at 814; **see also** 18 Pa.C.S.A. § 110(1)(ii) (effective to August 26, 2002). We held that this version of Section 110 "did not bar [the defendant] being tried in Municipal Court for involuntary manslaughter . . . , after the summary offense was dismissed by [the] Traffic Court," as "there was no single court in which the Commonwealth could have filed both the summary and misdemeanor charges." **Id.** at 175-176. In other words, we held that Section 110 did not bar the defendant's subsequent prosecution, as the offenses for the former and subsequent prosecutions were not "within the jurisdiction of a single court." **See id.**

Although the Majority recognizes that "**Masterson** was decided prior to the 2002 amendment to section 110(1)(ii), when the statute still included the language 'was within the jurisdiction of a single court,'" the Majority posits that the opinion is still relevant to the case at bar, as:

> the **Masterson** Court's analysis involved a detailed discussion of "the Pennsylvania Constitution, the relevant statutes, and [the] scant case law on [] point" in arriving at its conclusion that "separate prosecutions of the offenses did not violate [the defendant's] statutory right to compulsory joinder of the offenses under section 110 of the Crimes Code." Significantly, the **Masterson** Court, citing to statutes and the Pennsylvania Constitution, recognized that "the Philadelphia Traffic Court could not have tried [the defendant] for both the summary offense and the misdemeanor[ offense] . . . and [the defendant] could not have been tried on both offenses in Municipal Court."

Majority Opinion, at *16 n.16 (citations, corrections, and emphasis omitted).

Respectfully, **Masterson** has no relevancy to the case at bar, as it dealt solely with the issue of whether the defendant's offenses were "within the jurisdiction of a single court" – when Section 110 expressly barred serial prosecutions for offenses that were, *inter alia*, "within the jurisdiction of a single court" as a former prosecution. The **Masterson** Court's analysis of "the Pennsylvania Constitution, the relevant statutes, and [the] scant case law on [] point" was all done in service of determining whether the offenses involved in the defendant's former and subsequent prosecutions were "within the jurisdiction of a single court." Stated another way, **Masterson** involved an issue of pure statutory interpretation and, as the Majority recognizes, the General Assembly amended Section 110 in 2002 and did away with the language "was within the jurisdiction of a single court" – or, the very language that **Masterson**
*(Footnote Continued Next Page)*

statute is not maximally punitive as applied to the facts of this case. ***City of New Orleans v. Dukes***, 427 U.S. 297, 303 (1976) ("the judiciary may not sit as a super legislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines"); ***Commonwealth v. Peck***, 242 A.3d 1274, 1286 (Pa. 2020) (Wecht, J., concurring) ("Where the criminal laws are concerned, courts should disabuse themselves of the notion that a consequence is unintended, and thus 'absurd,' merely because it is not maximally punitive. Otherwise, judges may be tempted to misapply the absurdity doctrine and disregard the plain meaning of a law in pursuit of its hidden 'spirit'").

I thus respectfully dissent.

Judge Bowes joins this Dissenting Opinion.

---

interpreted. Therefore, and respectfully, the ***Masterson*** Court's statutory analysis and conclusion have no bearing upon the case at bar, as the current version of Section 110 simply contains no requirement that the offenses be "within the jurisdiction of a single court."